Elmer C. MAGGARD (PHD),
Appellant,

v.

COMMONWEALTH of Kentucky,
BOARD OF EXAMINERS OF
PSYCHOLOGY, Appellee.

No. 2006–SC–000355–DG.

Supreme Court of Kentucky.

Oct. 23, 2008.

Rehearing Denied May 21, 2009.

J. Fox Demoisey, Demoisey Law Office, PLLC, Louisville, KY, Counsel for Appellant.

Mark Russell Brengelman, Assistant Attorney General, Civil and Environmental Law Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

Appellant's license to practice psychology was suspended for one year by order of the Kentucky State Board of Examiners of Psychology (the "Board"). We accepted discretionary review of the Court of Appeals opinion affirming the judgment of the Franklin Circuit Court upholding the suspension.

Appellant argues that the Board lacked subject matter jurisdiction, that he was entitled to absolute immunity, and that he was entitled to discovery and a jury trial in the Franklin Circuit Court on his claims of fraud and misconduct at the administrative level. We affirm the lower courts' rulings on subject matter jurisdiction and absolute immunity. We reverse the courts' ruling that, under KRS 13B.150(1), Appellant was not entitled to conduct discovery on his allegations of fraud and misconduct in the prosecution of the administrative action against him. We agree, however, that Appellant was not entitled to a jury trial on these claims. Accordingly, we affirm in part and reverse and remand in part for further proceedings consistent with this Opinion.

In the fall of 1998, an attorney asked Elmer Maggard, a psychologist licensed to practice in Kentucky for more than twenty years, to perform a psychological evaluation of a three-year-old girl who had allegedly been traumatized by a dentist when she was seventeen months old. The attorney was in the process of filing a lawsuit against the dentist. Maggard obliged and prepared a written summary of clinical assessment in which he opined that the girl had suffered a permanent psychological injury as a result of the treatment by the dentist. The dentist, Dr. Barbara Emler, thereafter filed an administrative complaint against Maggard with the Board pursuant to 201 KAR 26:130, Section 2(1)-(3). Dr. Emler also filed a lawsuit against Maggard in the Boyle Circuit Court alleging that Maggard had violated certain statutes pertaining to the practice of psychology, namely KRS 319.082(1)(c) and (d).

Pursuant to the administrative complaint, the Board began an independent investigation of the allegations and subsequently filed its formal complaint against Maggard. After an administrative hearing on the matter, the Board adopted the findings of fact, conclusions of law, and recommended order of the hearing panel on April 8, 2002. The Board found that Maggard violated KRS 319.082(1)(f) and 201 KAR 26:145, Section 3(5) when he rendered a formal, professional opinion about a minor child "without direct and substantial professional contact with, or a formal assessment of," that child, and that his actions constituted violations of KRS 319.082(1)(c) and (d)—"unfair, false, and misleading act[s] or practice[s]" and "practic[ing] psychology in a negligent manner." The Board suspended Maggard's license to practice psychology for one year. However, the Board stayed the suspension and placed Maggard on probation, which allowed him to practice psychology under the Board's supervision.

Maggard appealed the Board's decision to the Franklin Circuit Court. In his peti-

tion for review, Maggard asserted, among other things, lack of subject matter jurisdiction, that he was entitled to absolute immunity from discipline, and that fraud and misconduct occurred in the prosecution of the administrative action which warranted discovery and a jury trial on these claims under KRS 13B.150(1). The circuit court denied the request for discovery and a jury trial on the claims of fraud and misconduct, and affirmed the Board's order. The Court of Appeals affirmed the Franklin Circuit Court.

■ We first address Maggard's assertion that the Board did not have subject matter jurisdiction over him because the conduct at issue did not constitute the "practice of psychology" within the meaning of KRS 319.010(6). Maggard contends that because his treatment and evaluation of the patient were within the context of a judicial proceeding, he was not engaged in the "practice of psychology." KRS 319.010(6) provides:

> "Practice of psychology" means rendering to individuals, groups, organizations, or the public any psychological service involving the application of principles, methods, and procedures of understanding, predicting, and influencing behavior, such as the principles pertaining to learning, perception, motivation, thinking, emotions, and interpersonal relationships; the methods and procedures of interviewing, counseling, and psychotherapy; of constructing, administering, and interpreting tests of mental abilities, aptitudes, interests, attitudes, personality characteristics, emotion, and motivation. *The application of said principles in* testing, *evaluation*, treatment, use of psychotherapeutic techniques, and other methods includes, but is not limited to: diagnosis, prevention, and amelioration of adjustment problems and emotional, mental, nervous, and addictive disorders

and mental health conditions of individuals and groups; educational and vocational counseling; the evaluation and planning for effective work and learning situations; and the resolution of interpersonal and social conflicts;

(emphasis added). Here, Maggard was engaged in the "practice of psychology" when he conducted the psychological evaluation and performed the clinical assessment of the child in this case. And the exception in KRS 319.015(2) for expert testimony would not apply because Maggard was not "in the employ of accredited institutions of higher education" and admittedly provided "direct psychological services" to the child.

■ We likewise reject Maggard's argument that he was entitled to absolute immunity because he was participating in a civil judicial proceeding. Maggard was neither court-appointed nor an integral part of the judicial process in the case. *See Stone v. Glass*, 35 S.W.3d 827 (Ky.App. 2000). Moreover, the immunity granted to a witness in a judicial proceeding is immunity from liability for civil damages. *Id.* at 828 (*citing Lawson v. Hensley*, 712 S.W.2d 369 (Ky.App.1986)). Here, Maggard is seeking immunity from an administrative disciplinary proceeding, not from civil damages. We agree with the lower courts that Maggard is not entitled to immunity from an administrative disciplinary proceeding.

We now turn to Maggard's argument that he was entitled to a jury trial and discovery before the Franklin Circuit Court on his allegations of fraud and misconduct in the prosecution of the administrative action. Maggard's claims of fraud and misconduct were stated as follows:

> (1) The Members of the Hearing Panel were not truthful in responding to the voir dire questions as to their knowledge of the circumstances involving the Peti-

tioner and the current members attendant to the ongoing proceedings between the Petitioner, Barbara Emler, and the matters concerning the litigation existing between Barbara Emler and the two (2) patients then the subject of the Administrative Hearing;

(2) That upon at least one occasion (prior to the Administrative Hearing) the hearing [sic] that the Board of Examiners of Psychology, to include the Members of the Hearing Panel, met in an executive session to discuss the need for its "expert" to have counsel to contend with Petitioner's assertion that the Board was aiding and assisting in the intimidation and harassment of the Petitioner while and during the time he was a witness in a judicial proceeding; this meeting was not divulged to the Petitioner, nor was the fact that the Board's "expert" was then designated as an agent of the Board;

(3) That prior to the initiation of the formal *Complaint,* the Board deviated from its common and usual practice of allowing the licensee to respond on the merit s, and issued a formal *Complaint* knowing that it had not received a response "on the merit s" from this Petitioner;

(4) During the voir dire of the Hearing Panel, at least one member of the Hearing Panel concealed the existence of knowledge of the matters attendant to the Petitioner which were acquired outside of the scope of the *Record,* and covered matters which were specifically excluded from the record;

(5) That the Hearing Panel abandoned its adjudicative functions and adopted a prosecutorial and investigative role at the conclusion of the hearing by reopening the hearing and pursuing discovery on its own accord, and utilizing as its counsel the counsel for the Board who was at the same time prosecuting the matter on behalf of the Board; and,

(6) In its efforts to acquire the patient records of Lisa Wagers, the Board sought to compel both the Petitioner and his expert witness to commit ethical violations and sought to induce these violations by promising immunity for these circumstances.

KRS 13B.150(1) provides:

Review of a final order shall be conducted by the court without a jury and shall be confined to the record, unless there is fraud or misconduct involving a party engaged in administration of this chapter. The court, upon request, may hear oral argument and receive written briefs.

On April 7, 2003, the Franklin Circuit Court entered an order denying Maggard's request for discovery and a jury trial on the claims of fraud and misconduct at the administrative level. The court interpreted the "unless there is fraud or misconduct" language in KRS 13B.150(1) as modifying only the limitation of review of the record portion of the statute and not the first part of the statute limiting review to the court without a jury. Thus, the circuit court adjudged there could never be a jury trial on judicial review from an administrative proceeding. As to the claims of fraud and misconduct, the circuit court ruled that the allegations were not stated with sufficient particularity, as required by CR 9.02, to allow discovery on the claims. *See Scott v. Farmers State Bank,* 410 S.W.2d 717, 722 (Ky.1966). Citing CR 9.02, the Court of Appeals agreed with the circuit court that Maggard's claims of fraud and misconduct were not stated with sufficient particularity to warrant discovery.

■ On discretionary review before this Court, Maggard argues that the Franklin Circuit Court and the Court of Appeals

erred in their interpretation of KRS 13B.150(1) and in applying CR 9.02 to claims of fraud and misconduct raised in the context of judicial review of an administrative proceeding. From our reading of KRS 13B.150(1), we adjudge there is no right to a jury trial on review of an administrative action, even when claims of fraud and misconduct are raised. We agree with the circuit court's interpretation that "[t]he phrase 'unless there is fraud or misconduct' modifies the phrase 'shall be confined to the record' and does not modify the requirement that the review is to be 'conducted by the court without a jury.'" Although the jury trial issue was not raised in *Bob Hook Chev. Isuzu, Inc. v. Com. Transp. Cabinet*, 983 S.W.2d 488, 490 (Ky. 1998), this Court stated, "KRS 13B.150(1) limits a court to reviewing the record from the administrative agency unless there is an allegation of fraud or misconduct involving a party." Indeed, there is no entitlement to a jury trial in an administrative proceeding where the right in question is created by statute. *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 854 (Ky.1981) (citing *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)).

■ As to the issue of whether Maggard raised his claims of fraud and misconduct with sufficient particularity, both the circuit court and the Court of Appeals applied CR 9.02 and cited *Scott*, 410 S.W.2d at 722 for the rule that the claim of fraud must state "the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was obtained by the fraud." However, this Court has held that in cases where fraud is alleged on judicial review of an administrative action, the requirement of pleading fraud with particularity in CR 9.02 does not apply:

The trial court denied plaintiffs' motion to take discovery depositions, stating this "would offer the chance for a 'fishing expedition.'" But this is not a common law action for fraud, where specific averments are required under CR 9.02. This is an appeal for judicial review of the final decision of an administrative agency, claiming the agency violated the statutory scheme in making its award. In such a case there is no legal impediment, per se, to a so-called "fishing expedition." The general rules related to discovery apply.

*Pendleton Bros. Vending, Inc. v. Com. Fin. and Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky.1988). *Pendleton Bros.* involved judicial review of an administrative decision under the Kentucky Model Procurement Code in which the appellants alleged in the Franklin Circuit Court that the bidding process was a "sham." The circuit court denied the motion for discovery and dismissed the complaint. Despite the fact that the appellants did not specifically plead facts constituting fraud, this Court held that appellants were entitled to discovery on their claim that the bid was awarded in violation of the statute. This Court noted that "[t]he limitations on fishing expeditions relate only to discovery being conducted in bad faith or in such a manner to [needlessly] annoy, embarrass, or oppress the person subject to the inquiry." *Id.* (citation and internal quotations omitted).

In the instant case, some of the claims of fraud and misconduct are confusing, and it is unclear whether some of the alleged conduct would actually rise to the level of fraud or misconduct. However, the claims of concealment of ex parte knowledge and the lack of truthfulness on voir dire are troubling to this Court, as are the claims that the hearing panel was not acting independently of the Board. These are the

types of factual allegations that statements need for discovery. Accordingly, we adjudge that Maggard was entitled to discovery on his claims of fraud and misconduct.

For the reasons stated above, the opinion of the Court of Appeals is affirmed in part and reversed in part and remanded to the Franklin Circuit Court for further proceedings consistent with this opinion. Given our remand of the case, the remainder of Maggard's arguments are rendered moot.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and VENTERS, JJ., sitting. All concur. SCHRODER, J., not sitting.