**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**KENTUCKY RETIREMENT SYSTEMS; Kentucky State Fraternal Order of Police; Kentucky Association of Fire Chiefs; Kentucky Firefighters Association; Kentucky Professional Firefighters; Kentucky Sheriff's Association; Louisville Professional Firefighters Union–Local 345; et al., Appellees.**

No. 2010–SC–000809–DG.

Supreme Court of Kentucky.

April 25, 2013.

Stuart Weldon Cobb, Assistant Attorney General, Office of the Attorney General, Lisa Kathleen Lang, Assistant Attorney General, Frankfort, KY, Counsel for Appellant.

Robert W. Kellerman, Stoll, Keenon, Ogden, PLLC, Jennifer A. Jones, Kentucky Retirement Systems, Frankfort, KY, Counsel for Appellee, Kentucky Retirement Systems.

Brent L. Caldwell, Roger Crittenden, Caldwell Law Firm, PLLC, Frankfort, KY, Counsel for Appellees.

Opinion of the Court by Justice NOBLE.

This case is before the Court on a grant of discretionary review to answer the question of whether sovereign immunity bars an action against the Commonwealth under the Declaratory Judgment Act, KRS Chapter 418. This Court holds that it does not.

## I. Background

The plaintiffs in the case below (now Appellees but referred to herein as plaintiffs) are a group of county employees who are members of the County Employee Retirement System, which is administered by the Kentucky Retirement Systems. *See* KRS 61.645(1); KRS 78.780. This case began when the employees filed an action in Franklin Circuit Court seeking a declaration that KRS 61.637(1) is unconstitutional, and requesting injunctive relief.

The legislation in question was enacted during an extraordinary session in 2008 and significantly revised the public employee retirement plan. KRS 61.637(1) specifically governs a retired employee's right to receive retirement benefits upon reemployment by the public employer. That provision, as of the 2008 amendment, states that a retiree who is reemployed by the state or a county "shall have his retirement payments suspended for the duration of reemployment." This is limited only by an exception for employees who earn less than the maximum allowed by the Federal Social Security Act.

The plaintiffs sued the Kentucky Retirement Systems *and* the Commonwealth as separately named parties, requesting immediate injunctive relief for continued payments of retirement benefits upon their

reemployment. In response, the Commonwealth, through the Attorney General, moved for dismissal on the basis of sovereign immunity, maintaining that its immunity is not waived in declaratory judgment actions. The Retirement Systems agreed with the plaintiffs that immunity had been waived. The plaintiffs then dropped their claim for injunctive relief and instead asked the trial court only for a declaration of their rights under the statute, particularly as to the constitutionality of KRS 61.637(1), which is made applicable to county employees through KRS 78.545(18).

The trial court denied the Commonwealth's motion to dismiss, holding that sovereign immunity does not bar a declaratory judgment action because such an action does not result in a loss of public funds or property. Even though this was not a final order, because denial of a claim of sovereign immunity entitles the claimant to an immediate appeal, the Commonwealth, as a separate party, then properly filed a notice of appeal. *See Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883 (Ky.2009).

The Court of Appeals affirmed the trial court. Retirement Systems argued in its appellate brief that the Commonwealth is necessary as a separate party because it has an interest that would be affected by the litigation, as required by KRS 418.075, and that the Commonwealth is a proper party to a declaratory judgment action.

Further, Retirement Systems argued the Commonwealth is a "person" under KRS 418.075, which would waive sovereign immunity, and that the Commonwealth, through the Attorney General, is in a better position to defend the constitutionality of statutes than Retirement Systems is, and thus should remain a party to the action. The plaintiffs essentially agreed with the position of Retirement Systems on appeal.

The Court of Appeals found that the Attorney General could *opt* to stay in the suit, but that because Retirement Systems was the state, and was properly in the action, the Commonwealth could not be dismissed based on sovereign immunity, and affirmed the trial court. The Attorney General, on behalf of the Commonwealth, then sought discretionary review with this Court.

## II. Analysis

The Commonwealth's sole contention is that the "Commonwealth" may not be sued in this action because it has sovereign immunity. Retirement Systems and the plaintiffs respond that there is a waiver of sovereign immunity for declaratory judgment purposes, but that sovereign immunity does not bar a declaratory judgment suit against the state regardless of waiver.

Sovereign immunity is founded on the notion that the resources of the state, its income and property, cannot be compelled as recompense for state action that harms a plaintiff through the ordinary suit-at-law process. It is often stated that the state is immune from suit unless there has been an express waiver allowing suit. This is generally true, at least in tort cases.

And a waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Withers v. University of Kentucky*, 939 S.W.2d 340, 346 (Ky.1997) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

### A. The waiver question.

KRS 61.645(2)(a) provides that the Board of the Kentucky Retirement Systems can "sue *and be sued* in its corporate

name." (Emphasis added.) While such language is not a blanket waiver of sovereign immunity, such as to allow a tort claim, it has been read to "have reference to suits respecting matters within the scope of the duties of the Board [that 'may be sued']." *Wallace v. Laurel County Bd. of Educ.*, 287 Ky. 454, 153 S.W.2d 915, 917 (1941). This suggests that suits deciding the duties and obligations of government agencies subject to various statutory schemes are allowed.

Kentucky Retirement Systems is a statutorily created agency of state government, KRS 61.645(1), administered by a board of trustees that manages and administers the retirement funds of the County Employees Retirement System, the Kentucky Employees Retirement System and the State Police Retirement System. Due to its management and disbursement of state, county and police employee retirement benefits, Retirement Systems itself is clearly an integral part of state government. *See, e.g., Cullinan v. Jefferson County*, 418 S.W.2d 407, 408 (Ky.1967) (holding that school boards are an integral part of the state because they provide public education within a particular geographic area, and are thus entitled to protection under the state's sovereign immunity).

Thus, the statute makes it abundantly clear that the Kentucky Retirement Systems is an "arm, branch, or alter ego" of the state. But in its brief, Retirement Systems states, "The law is clear that sovereign immunity does not prevent the filing of declaratory judgment actions against a governmental entity concerning the validity of legislation." The plaintiffs, more definitively, argue that the express language and overwhelming implication of KRS 418.075(4) and KRS 61.692 expressly waive sovereign immunity in declaratory judgment actions. They assert that since

Retirement Systems has been made subject thereby to any type of litigation, and since Retirement Systems is an agency of state government, the Commonwealth has waived immunity.

Sovereign immunity is a concept that applies to the state, but not necessarily to an agency, that may be waived by the state. *See Kentucky Center for the Arts Corp. v. Berns*, 801 S.W.2d 327, 328 (Ky. 1990). As this Court has repeatedly held, most recently in *Comair, Inc. v. Lexington–Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 98 (Ky.2009), whether an agency of the state is entitled to the immunity of the state is determined by whether the agency performs an integral state function. Clearly, Retirement Systems does perform that integral state function through the administration of the various retirement systems, which is essential to the personnel function of state government and the state's political subdivisions, and thus is entitled to immunity under sovereign immunity law unless waived.

Only the state, via the legislature, may waive immunity. Ky. Const. § 231. Simply stated, if there is a waiver of immunity for Retirement Systems, it is the state that has made that waiver, not Retirement Systems.

■ That the employees in question are county employees rather than state employees is not significant, because "[c]ounties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself." *Comair, Inc.*, 295 S.W.3d at 94. Therefore, if there is a waiver in a declaratory judgment action, the *state* has waived its immunity, and is subject to suit through the Retirement Systems.

■ This Court agrees with the plaintiffs that the overwhelming implication of

KRS 61.692 and KRS 418.075 is that there is a waiver of the state's sovereign immunity, if not an express waiver from the language of the statutes. As they have claimed, KRS 61.692 creates a contract dispute from the following language: "in consideration of the contributions by the members and in further consideration of benefits received by the state from the member's employment, KRS 61.501 to 61.705 shall ... constitute an inviolable contract of the *Commonwealth*." KRS 61.692 (emphasis added). Technically, because the employees in this case are county employees and members of the County Employee Retirement System, their claim largely stems from KRS Chapter 78. However, that chapter has the same "inviolable contract" language at KRS 78.852.[1]

KRS 45A.245 provides that any person, firm or corporation who has a written contract with the Commonwealth after 1974 may bring an action *against the Commonwealth* for breach or enforcement. It stands to reason that a declaratory judgment action to determine if any contract rights are affected by the enactment of a statute is appropriate, standing alone or in conjunction with a claim on the contract.

When this is coupled with the fact that Retirement Systems is authorized to "sue and be sued in its corporate name," KRS 61.645(2), and that under the Declaratory Judgment Act "all persons *shall* be made parties who have or claim any interest which would be affected by the litigation,"

it is apparent that the Commonwealth intended to be a party in a declaratory judgment suit that might affect its inviolable contracts or its interest in duly enacted legislation. Who else could be intended as the defendant in a declaratory judgment suit but the party to the contract that plaintiffs claim has been unconstitutionally breached? The implication of intent is overwhelming under KRS 61.692 and KRS 78.852.[2]

Thus the Commonwealth has waived immunity from suit under the Declaratory Judgment Act. However, Retirement Systems, and to some degree the plaintiffs, raise a further point that also would require the Commonwealth to be subject to suit through Retirement Systems, in a declaratory judgment action.

**B. Sovereign immunity does not apply to declaratory judgment actions.**

 As the trial court found, a declaratory judgment action is not a claim for damages, but rather it is a request that the plaintiff's rights under the law be declared. There is no harm to state resources from a declaratory judgment. When the state is a real party in interest, the state is merely taking a position on what a plaintiff's rights are in the underlying controversy. When the action involves an alleged contract with the state, or the constitutionality of a statute, it is indisputable that the interest at issue is a state issue, not just an agency issue.

1. The provision states in its entirety:
It is hereby declared that in consideration of the contributions by the members and in further consideration of benefits received by the county from the member's employment, KRS 78.510 to 78.852 shall, except as provided in KRS 6.696 effective September 16, 1993, constitute an inviolable contract of the Commonwealth, and the benefits provided therein shall, except as provided in KRS 6.696, not be subject to reduction or

impairment by alteration, amendment, or repeal.
KRS 78.852.

2. It must be noted, that reference to the contract claim here is only from the standpoint that it is allegedly the basis of the claimed constitutional violation. In this review, this Court cannot and does not address the merits of that claim.

We do not have a government that is beyond scrutiny. If sovereign immunity can be used to prevent the state, through its agencies, from being required to act in accordance with the law, then lawlessness results. This review is qualitatively different from requiring the state to pay out the people's resources as damages for state injury to a plaintiff. This is the very act of governing, which the people have a right to scrutinize. Thus to say that the state is entirely immune is an overbroad statement.

Instead, it is more accurate to say the state is subject to appropriate scrutiny, because that is part of the governing process. This occurs through elections, public access to records and meetings, public attendance at hearings on proposed regulations, and other means of involving the people in the government. It also includes review by the courts.

■ Thus it follows that when the state is an interested party in a declaratory judgment action, the state must be a proper party because only legal rights are being declared between the plaintiff and the state. Otherwise, no review would be possible. But it is also true that in subsequent or contemporaneous actions to enforce declared rights, the immunity issue could be relevant if the revenue or property of the state would be affected. As in this case, the underlying merits of any claim, such as the contract claim here, are not before the court in a declaratory judgment action.

■ Declaratory judgment actions are simply different. Historically, the Act originated because the courts at that time (1922) were not permitted to adjudge legal rights unless a remediable right had already been violated. *See De Charette v. St. Matthews Bank & Trust Co.*, 214 Ky. 400, 283 S.W. 410, 413 (1926) ("The primary purpose of the Declaratory Judg-

ment Act is to relieve litigants of the common-law rule that no declaration of rights may be judicially adjudged, unless a right has been violated for the violation of which relief may be granted.") The Act allows courts to determine a litigant's rights before harm occurs, and requires the existence of an actual controversy. Such a controversy occurs when a defendant's position would "impair, thwart, obstruct or defeat plaintiff in his rights." *Revis v. Daugherty*, 215 Ky. 823, 287 S.W. 28, 29 (1926). A declaratory judgment action may be brought standing alone, or may be brought with the substantive claim seeking recompense. *Fontaine v. Dep't of Finance*, 249 S.W.2d 799 (Ky.1952).

Here, the plaintiffs claim an inviolable contract under KRS 61.692 (though more appropriately under KRS 78.852), and a violation of that contract by amendment to KRS 61.637, which was altered by the legislature in 2008 to limit retirement benefits upon reemployment by a public agency. Both versions of KRS 61.637 are state action. Clearly, the Commonwealth has an interest in seeing its laws upheld, and if a legislative "fix" is required, only the Commonwealth through its legislature may do so. When the interest at issue is a question of the governance of the Commonwealth, only the Commonwealth, in some form, can be the defendant. The alternative—to shield the Commonwealth from being subject to the constitution and its legislative enactments under a claim of sovereign immunity—is to create a "king" who is beyond review and make the will of the people meaningless. (That there is a dissonance between democracy and sovereign immunity is a question for another day.)

This Court has, to some degree, addressed this question previously in *Rose v. Council for Better Education, Inc.*, 790 S.W.2d 186 (Ky.1989), and *Jones v. Board*

of Trustees of Kentucky Retirement Systems, 910 S.W.2d 710 (Ky.1995). The appellants in *Jones*, the governor and other state officials, filed a motion to dismiss the Board's petition for a declaration of rights on the grounds of sovereign immunity. Pointing out that this Court had previously held that the General Assembly was properly before the court in a declaratory judgment action through its principal officers in *Rose v. Council for Better Education, Inc.*, 790 S.W.2d 186 (Ky.1989), the Court in *Jones* stated:

> It would undermine and destroy the principle of judicial review to hold that the General Assembly could act with immunity, contrary to the Kentucky Constitution. Any such holding would leave citizens of this Commonwealth with no redress for the unconstitutional exercise of legislative power. This we will not do.

*Jones*, 910 S.W.2d at 713.

The logic of this statement is inescapable. On the question of the constitutional appropriateness of governmental actions, there can be no immunity. To hold that the state has immunity from judicial review of the constitutionality of its actions would be tantamount to a grant of arbitrary authority superseding the constitution, which no law or public official may have.

■ When statutory or constitutional rights are adjudicated, the state is inevitably affected in some manner. There simply can be no sovereign immunity when it is the propriety of the governmental act that is being reviewed and the constitution is impacted. The state is not above its own constitution and laws. To this extent, a waiver of sovereign immunity is not necessary in a declaratory judgment action against the state.

### C. Named Parties

Retirement Systems candidly admits that it does not wish to be "left to defend the statute alone," and that since a constitutional question is involved, the Attorney General is better situated to defend the action. KRS 418.075 requires that the Attorney General be served with a copy of the petition if the validity or constitutionality of a statute is at issue, as it is here. The Attorney General in turn has certain statutory duties which include notifying the Legislative Research Commission of the claim and deciding whether he will be "a party to that action." KRS 418.075(1), (3).

Understandably, if the petition is to be served on the Attorney General, it might be perceived that he, as the chief legal officer of the state, be named as the "Commonwealth." But that is not necessary because the interests of the Commonwealth are already represented by Retirement Systems, which is a necessary party. *Cf. Lassiter v. American Exp. Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky.2010) (allowing naming of Department of Treasury to be "functional equivalent" of naming state treasurer in official capacity).

A necessary party is one whose absence prevents the court from according complete relief. CR 19(a)(1)(A). As the administrator of the pension system, Retirement Systems is necessary to take whatever actions may be required after the ruling in the case. As a separately named party, the Commonwealth is redundant, since it has authorized Retirement Systems to act in its stead.

While it is true the Commonwealth may have interests in this litigation that are broader than the administration of state pensions, the Attorney General is nonetheless authorized under the statute to choose whether to be a party when a constitutional question is involved. When the declara-

tory judgment action involves only the effect of the statute, then there is not a requirement to even serve the petition on the Attorney General. The necessary agency is adequate to address the legal questions.

In either instance, the interests of the state will be adequately represented. Here, the Attorney General has filed a notice with the court that he "declines to participate in the defense of the statute." Since the state was already a party to this action through Retirement Systems, and there are no other reasons for the Attorney General to be involved, that choice is his to make under KRS 418.075.

### III. Conclusion

For the forgoing reasons, the trial court and the Court of Appeals are affirmed because the state cannot be dismissed on the basis of sovereign immunity in a declaratory judgment action. Nevertheless, separately naming the Commonwealth is not necessary because it is mere duplication, and the Attorney General, having opted not to defend the statute, is not a party to the action.

CUNNINGHAM, SCOTT and VENTERS, JJ., concur. MINTON, C.J.; and ABRAMSON, J., concur in result only. KELLER, J., not sitting.