COMMONWEALTH of Kentucky, Cabinet for Health and Family Services; Honorable Audrey Tayse Haynes, in her Official Capacity as Secretary of the Cabinet for Health and Family Services, Appellants

v.

SAMARITAN ALLIANCE, LLC, d/b/a Samaritan Hospital, Appellee.

No. 2012–CA–000745–MR.

Court of Appeals of Kentucky.

Feb. 21, 2014.

---

Michael W. Board, D. Brent Irvin, Frankfort, KY, for appellants.

Stephen R. Price, Sr., John W. Woodard, Jr., Allison Brown Vermilion, Louisville, KY, for appellee.

Before CLAYTON, DIXON, and MAZE, Judges.

## OPINION

MAZE, Judge:

The Cabinet for Health and Family Services and the Cabinet's Secretary (collectively, "the Cabinet") bring this interlocutory appeal from an order of the Franklin Circuit Court denying its motion to dismiss the breach of contract and fraud claims brought against it by Samaritan Alliance LLC, d/b/a Samaritan Hospital ("Samaritan"). The Cabinet argues that Samaritan's claims for breach of contract and fraud are barred by the doctrine of sovereign or governmental immunity. We conclude that the legislature has waived the Cabinet's immunity from the breach of contract claim by operation of Kentucky Revised Statutes (KRS) 45A.245. We further find that KRS 13B.150 allows Samaritan to present evidence of extrinsic fraud as part of its statutory appeal from the Cabinet's Final Order, but Samaritan cannot assert an independent claim for damages arising out of that alleged fraud. Finally, we conclude that the substantive matters regarding the validity of Samaritan's statutory appeal are not properly raised in this interlocutory appeal. Hence, we affirm in part, reverse in part, and remand for additional proceedings.

During the periods relevant to this action, Samaritan owned and operated Samaritan Hospital, a 366–bed acute care hospital in Fayette County. The Cabinet administers the Kentucky Medical Assistance Program (KMAP), which provides for implementation of the Federal Medicaid Program in Kentucky. Samaritan entered into a Medicaid Provider Agreement with the Cabinet. The Agreement provided that the Cabinet would reimburse Samaritan for Medicaid services provided at rates governed by state and federal statutes and regulations.

Samaritan alleges that, beginning in 2003, the Cabinet misapplied the regulations governing reimbursement for certain outpatient services. Samaritan states that the Cabinet's actions resulted in a substantial underpayment of Medicaid reimbursements. When Samaritan received notice of its Medicaid rates for the year beginning July 1, 2004, it filed a request for a Dispute Resolution Meeting (DRM). The Cabinet held the DRM on May 25, 2005, but has never issued a decision on the matter. Samaritan filed requests for DRMs regarding its reimbursements for the years beginning July 1, 2005, and 2006, respectively. Samaritan states that the Cabinet has not responded to those appeals.

On April 11, 2007, the Cabinet sent a letter stating that it had overpaid Medicaid reimbursements to Samaritan in the amount of $241,687 and that it was seeking reimbursement of that amount. Five days later, Samaritan filed for bankruptcy. On May 25, 2007, Samaritan responded to the Cabinet's April 11, 2007 letter. Samaritan stated that it was objecting to the Cabinet's claim for reimbursement. Samaritan also reminded the Cabinet of its pending appeals in the other matters and requested that any attempted recoupment be stayed pending resolution of those claims.

After conducting an evidentiary hearing, the Cabinet's hearing officer issued a recommended order dismissing Samaritan's appeal as untimely. On January 18, 2008, the Secretary of the Cabinet issued a Final Order which adopted the hearing officer's recommended order and dismissed the appeal.

Thereafter, on February 15, 2008, Samaritan filed this action asserting a number of claims for relief, including a claim for breach of contract, challenges to the Secretary's Final Order dismissing the appeal, to the Cabinet's method of calculating Medicaid reimbursements, and to the

Cabinet's failure to rule on Samaritan's previous appeals. During the course of discovery in the action, Samaritan obtained internal Cabinet e-mails indicating that the Cabinet was aware that it had underpaid Medicaid providers at the time it sent the April 11, 2007 letter claiming an overpayment. Based upon this information, Samaritan filed an amended complaint asserting a claim for fraud against the Cabinet.

On January 24, 2012, the Cabinet moved to dismiss Samaritan's claims for breach of contract and fraud based upon sovereign immunity, and also argued that Samaritan's other claims should be dismissed based upon untimeliness and failure to exhaust administrative remedies. On February 6, the trial court overruled the Cabinet's motion, holding that there were factual and legal issues concerning the effect of Samaritan's 2007 bankruptcy filing. After additional discovery, the Cabinet renewed its motion to dismiss based upon Samaritan's failure to file a timely appeal and sovereign immunity. On the former issue, the trial court found that there were factual issues regarding whether the Cabinet had acted arbitrarily or capriciously. On the latter issue, the trial court determined that the Cabinet waived any sovereign immunity from the tort and breach of contract claims by entering into a Medicaid Service Provider Agreement with Samaritan. The Cabinet then brought this interlocutory appeal

■ Generally, under Kentucky Rules of Civil Procedure (CR) 56.03, the denial of a motion for summary judgment is not appealable. However, sovereign immunity entitles its possessor to be free from the burdens of not only liability, but also of defending the action. *Rowan County v. Sloas*, 201 S.W.3d 469, 474 (Ky.2006). *See also Lexington—Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128,

135 (Ky.2004). Therefore, an order denying a claim of sovereign immunity is immediately appealable. *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883 (Ky. 2009). Furthermore, we review the case on a *de novo* basis because it presents a question of law. *See Sloas*, 201 S.W.3d at 475; *Northern Kentucky Area Planning Commission v. Cloyd*, 332 S.W.3d 91, 93 (Ky.App.2010).

As a preliminary matter, however, Samaritan moves to dismiss the Cabinet's appeal as falling outside the rule allowing interlocutory appeals. Samaritan concedes that the denial of a substantial claim of absolute immunity is immediately appealable before final judgment. *Prater*, 292 S.W.3d at 887, citing *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). But Samaritan contends that the Cabinet's claim of immunity is neither substantial nor absolute because it seeks review of the trial court's decision denying its motion to dismiss the fraud and breach of contract claims.

■ We agree with Samaritan to the extent that the Cabinet is attempting to raise issues which are not related to its claim of sovereign immunity. Although a party can immediately appeal from the denial of a motion to dismiss based upon absolute immunity, most other substantive defenses must wait for adjudication by a final order. In this case, the trial court found that Samaritan has a statutory right to appeal from the Cabinet's administrative decisions or its failures to render administrative decisions. The trial court has not finally ruled upon the Cabinet's defenses that Samaritan's appeal was untimely, that it failed to exhaust its administrative remedies, or that it failed to comply with the preservation requirements of *Rapier v. Philpot*, 130 S.W.3d 560 (Ky.2004). Moreover, these defenses do not implicate the Commonwealth's absolute immunity.

Therefore, these issues are not properly presented in an interlocutory appeal.

■ On the other hand, the trial court also found that the Commonwealth has waived its immunity to suit by entering into a Medicaid Service Provider Agreement with Samaritan. The issue of sovereign immunity controls Samaritan's right to bring claims for breach of contract and fraud. Consequently, that issue is the only issue properly presented in this appeal.

We further note that the Supreme Court of Kentucky has recently addressed a very similar issue in *Commonwealth v. Kentucky Retirement Systems*, 396 S.W.3d 833, 838 (Ky.2013). In that case, a group of county employees who were members of the County Employees Retirement Systems (CERS) brought a declaratory judgment action challenging the constitutionality of KRS 61.637(1). The employees sought declaratory and injunctive relief, asserting that the statute impaired their contractual rights to pension payments. In response, the Commonwealth, through the Kentucky Employees Retirement Systems (KERS), moved for dismissal on the basis of sovereign immunity, maintaining that its immunity cannot be waived in declaratory judgment actions.

The Supreme Court extensively addressed the application of the doctrine of sovereign immunity. The Court agreed that the KERS is a statutorily created agency which performs an integral function of state government. As a result, the Court held that the KERS is entitled to the protection of sovereign immunity. *Id.* at 837. However, the Court went on to note that sovereign immunity can be waived either expressly or by overwhelming implication of statute. *Id.* at 838. *See also* Kentucky Constitution Section 231. The Court concluded that the statutory and contractual relationship between KERS and its members, when read in conjunction with the Declaratory Judgment Act, KRS 418.075, creates an overwhelming implication waiving the Commonwealth's sovereign immunity. *Id.* at 838.

Although the Court's decision was primarily based upon the specific statutory scheme relating to the KERS, the Supreme Court went on to address the general application of these principles to contractual actions against the Commonwealth. The Court pointed out that KRS 45A.245 provides that any person, firm or corporation who has a written contract with the Commonwealth after 1974 may bring an action against the Commonwealth for breach or enforcement. *Id.* The statute specifically waives governmental or sovereign immunity for contract actions against the Commonwealth.

Finally, the Supreme Court held that a declaratory judgment action is the proper method of raising claims for breach of contract against the Commonwealth. *Id.* at 839. The Court explained that a declaratory judgment action is not a claim for damages, but rather it is a request that the plaintiff's rights under the law be declared. Accordingly, a declaratory judgment does not implicate the liability of the Commonwealth for damages except to the extent that it is based upon a contractual obligation owed by the state. *Id.* at 839–40.

While the Supreme Court's discussion was specifically addressed to claims brought against the KERS, we conclude that it is also applicable to the claims brought by Samaritan. As in the *Kentucky Retirement Systems* case, the Cabinet is a statutorily created agency performing an integral function of state government. Thus, the Cabinet is entitled to the protection of sovereign immu-

nity. However, the Cabinet has entered into a Medicaid Provider Service Contract with Samaritan. KRS 45A.245 expressly waives sovereign immunity for actions arising under contracts with the Commonwealth. In relying upon KRS 45A.245, the Supreme Court applied the statute as a waiver of sovereign immunity in all contract actions against the Commonwealth and not only those subject to the Model Procurement Code.

At oral argument, the Cabinet cited *Louisville Arena Authority, Inc. v. RAM Engineering & Construction, Inc.,* 415 S.W.3d 671 (Ky.App.2013), in support of its argument that KRS 45A.245 does not apply.[1] However, in *RAM Engineering,* this Court held only that the statutory waiver of sovereign immunity must be read narrowly and only to claims based upon written contracts. *Id.,* 415 S.W.3d at 681. Along similar lines, the Cabinet asserts that its Medicaid Provider Agreement with Samaritan is not a contract within the meaning of KRS 45A.245 because it was only executed by the Cabinet Secretary who was not authorized to bind the Commonwealth to a contract.

There is no question in this case that the Medicaid Service Provider Agreement was in writing. The trial court characterized the Agreement as a contract and the Cabinet has never objected to this characterization until this appeal. Moreover, the Agreement is not a part of the record in this case. For purposes of a motion to dismiss, the pleadings should be construed in the light most favorable to the plaintiff and all allegations taken as true. CR 12.02. *See also Mims v. Western—Southern Agency, Inc.,* 226 S.W.3d 833, 835 (Ky. App.2007). Any factual dispute regarding the existence of a contract is not yet ripe for adjudication.

Samaritan's original and amended complaints asserted a direct breach of contract claim and also sought declaratory relief regarding the Cabinet's interpretation of the Medicaid Provider regulations. This request was sufficient to bring Samaritan's claim within the scope of the Declaratory Judgment Act. Based upon the holding in *Commonwealth v. Kentucky Retirement Systems,* Samaritan is only entitled to seek a declaration of rights under its Medicaid Provider Service Agreement with the Cabinet. Although this could ultimately result in the Cabinet being required to comply with its contractual and statutory obligations, a direct recovery of contractual damages is outside of the scope of the Declaratory Judgment Act. *St. Matthews Fire Protection Dist. v. Aubrey,* 304 S.W.3d 56, 60 (Ky.App.2009).

■ Finally, Samaritan has also asserted a claim against the Cabinet for fraud. Unless waived by the legislature, the doctrine of sovereign or governmental immunity precludes claims against the Commonwealth for intentional torts such as fraud. *Yanero v. Davis,* 65 S.W.3d 510, 519 (Ky.2001). The trial court held that KRS 13B.150 grants it jurisdiction over Samaritan's claims of fraud against the Cabinet. Although we agree that the circuit court has jurisdiction to entertain Samaritan's claim of fraud, we disagree that the statute amounts to a waiver of sovereign immunity.

In pertinent part, KRS 13B.150(1) provides:

> Review of a final order shall be conducted by the court without a jury and shall be confined to the record, unless there is

---

1. No motion for discretionary review was filed and this Court issued a finality endorsement on January 2, 2014.

fraud or misconduct involving a party engaged in administration of this chapter. The court, upon request, may hear oral argument and receive written briefs.

This section is part of the larger statutory scheme setting out appeal procedures from final orders of administrative agencies and must be viewed in this context. KRS 13B.150(2) sets out the scope of judicial review from decisions of administrative agencies. While most of the grounds for review are limited to the administrative record, KRS 13B.150(1) allows a circuit court to look outside the record when there are allegations of fraud involving a party.

Consequently, the circuit court has the authority to order discovery and consider extrinsic evidence of fraud or misconduct by either Samaritan or by the Cabinet. If properly pleaded and proven, the court may consider such allegations of fraud or misconduct to the extent that they are relevant to the issues and defenses presented in Samaritan's statutory appeal. *See Maggard v. Board of Examiners of Psychology*, 282 S.W.3d 301, 305 (Ky.2008). In particular, fraud or misconduct may affect the Cabinet's right to assert defenses regarding the timeliness of Samaritan's appeal or failure to exhaust administrative remedies.

However, KRS 13B.150 does not create an express or overwhelmingly implied waiver of sovereign immunity for fraud claims, nor does it allow Samaritan to separately recover damages for fraud. Rather, Samaritan is only entitled to present evidence of fraud or misconduct within the appeal procedures set out in KRS Chapter 13B or pursuant to a declaration of its rights under its contract with the Cabinet. We reverse the circuit court to the extent that its decision suggests otherwise.

Accordingly, the order of the Franklin Circuit Court is affirmed in part, reversed in part and remanded for additional proceedings as set forth in this opinion.

ALL CONCUR.