RENDERED:  AUGUST 21, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001902-MR

COMMONWEALTH OF KENTUCKY
EX REL. RANDA PUTNAM                                      APPELLANT


                    APPEAL FROM LYON CIRCUIT COURT
v.          HONORABLE CLARENCE A. WOODALL, III, JUDGE
                        ACTION NO. 12-CI-00092


MATTHEW POLSTON, EXECUTOR
OF THE JAMES E. POLSTON ESTATE                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Commonwealth of Kentucky ex rel. Randa Putnam (the

Commonwealth) brings this appeal from a November 29, 2018, Order of the Lyon

Circuit Court rendering a judgment of $5,000 in favor of Matthew Polston,

Executor of the James E. Polston Estate (the Estate).  We affirm.

On February 19, 2013, James D. Polston (Doug) was arrested for contempt of court for his failure to pay child support owed to Randa Putnam. His father, James E. Polston (James), posted a $5,000 cash bond for Doug's release from jail. Doug appeared in the Lyon Circuit Court for a hearing on May 4, 2013. The circuit court retained the cash bond.

Doug passed away on November 25, 2014. Filed in the court record on February 3, 2015, was a letter James had written informing the Lyon County Attorney that Doug had passed away. In the letter, James sought the release of the $5,000 cash bond. Shortly thereafter, on February 24, 2015, the Commonwealth filed a notice of review that was mailed to Doug at James' home address. In the notice, it stated that the case would be "brought on for a review of [Doug's] child support obligation and bond monies being held, on Monday, April 6, 2015."

On April 6, 2015, James appeared in court and sought release of the $5,000 cash bond he had posted, in light of Doug's death. The Commonwealth argued that the bond should be released to the child support office for Doug's child support; thereupon, the Commonwealth would "close the case." The circuit court informed the parties that it would review an order tendered by the Commonwealth. The court also informed James that he had done what was necessary to perfect a request for the refund of the cash bond.

By order entered April 9, 2015, the circuit court directed "the Lyon Circuit Clerk [to] pay the bond in the amount of $5,000.00 to the Lyon County Child Support Office to apply to [Doug's] child support obligation." In accordance with the April 9, 2015, order, the $5,000 was dispersed to the custodial parent on May 6, 2015.

Five days later, on May 11, James filed a Motion of Surety to Intervene and Verified Motion of Surety for Return of Appearance Bond. Therein, James stated that Doug passed away on November 25, 2014, and following his death, the $5,000 bond was ordered forfeited by the court on April 9, 2015. James argued that such forfeiture was improper as the Commonwealth did not file a motion for bond forfeiture and James was denied due process. James maintained that due process required that he receive a notice of forfeiture and the court was required to conduct an evidentiary hearing. The Commonwealth responded and argued that the bond was properly forfeited and applied to Doug's child support obligation.

By order entered October 7, 2015, the circuit court vacated its April 9, 2015, order and directed the Commonwealth to "pay James . . . the previously posted $5,000.00 cash bond." October 7, 2015, order at 3. In so doing, the circuit court cited to Kentucky Revised Statutes (KRS) 431.545, Kentucky Rules of Criminal Procedure (RCr) 4.48, and RCr 4.52. The circuit court concluded that

James was entitled to notice of bail forfeiture and an opportunity to be heard. The circuit court determined that it "did not give James . . . the due process to which he was entitled." October 7, 2015, order at 2.

The Commonwealth then filed a response on December 17, 2015. In the response, the Commonwealth stated that the $5,000 was disbursed to the custodial parent on May 6, 2015. Additionally, the Commonwealth cited the Kentucky Child Support Enforcement Office in Frankfort as advising "it is impossible to refund the money that is no longer in the Commonwealth's possession." Commonwealth's Response at 1.

Although it is unclear in the record as to why, the case was continued generally by order entered February 2, 2016. After a thirteen-month period of no activity, James filed a motion for a money judgment against the Commonwealth on March 17, 2017. The court conducted a hearing on April 3, 2017. By supplemental order and judgment entered April 7, 2017, the circuit court rendered a judgment in favor of James in the amount of $5,000 against the Commonwealth, by and through the Cabinet for Health and Family Services. The court noted:

> The Commonwealth as Petitioner takes the position that compliance with that Order is an impossibility. The forfeited bond was in fact paid for the decedent James D. Polston's child support obligation for his child, Intervenor's grandchild. Intervenor took no action after the October 7, 2015, Order, until filing the present Motion on March 17, 2017, approximately seventeen months delay. Intervenor's counsel represented to the

Court that he had made efforts to enforce collection in
that interim, all of which were unsuccessful.

Supplemental Order and Judgment at 1.

The Commonwealth filed a timely notice of appeal, and the Court of
Appeals rendered an Opinion and Order dismissing in *Commonwealth ex rel.
Putnam v. Polston*, No. 2017-CA-000738-MR, 2018 WL 4049234 (Ky. App. Aug.
24, 2018). Therein, the Court of Appeals held that the April 7, 2017, supplemental
order and judgment was void because the circuit court failed to revive the action
and, instead, rendered judgment in favor of James, who was now also deceased.
The Court of Appeals also determined that it lacked jurisdiction as an
indispensable party was not named in the notice of appeal – the Estate.

The circuit court then entered a new order on November 29, 2018. In
this order, the circuit court granted the Estate's motion to revive the action and
rendered judgment in favor of the Estate in the amount of $5,000 against the
Commonwealth, by and through the Cabinet for Health and Family Services,
Division of Child Support. The circuit court also incorporated the April 7, 2017,
supplemental order and judgment "[i]n all other respects." This appeal follows.

The Commonwealth first contends that the doctrine of sovereign
immunity bars the monetary judgment in the amount of $5,000. The
Commonwealth argues that sovereign immunity prohibits monetary claims against
the state in the absence of its consent.

-5-

It is well-established that sovereign immunity operates to bar monetary claims against the state absent a waiver thereof. *Commonwealth v. Ky. Ret. Sys.*, 396 S.W.3d 833, 836-37 (Ky. 2013). Through enactment of KRS 45A.245, the Commonwealth has expressly waived immunity as to any claim based upon a written contract. *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017). And, a bail bond is considered a written contract involving the Commonwealth, a defendant, and a surety. RCr 4.00(a); *Miller v. Commonwealth*, 234 S.W. 307 (Ky. 1921); *see also Passmore v. Commonwealth*, 580 S.W.3d 558, 564-65 (Ky. App. 2019).[1] As the Estate's claim sounds in contract, we are of the opinion that the Commonwealth is not imbued with immunity against the claim nor is the $5,000 monetary judgment barred by immunity.

The Commonwealth also argues that James "was properly noticed and before the Court at its April [6], 2015[,] hearing." Commonwealth's Brief at 9. The Commonwealth further maintains that James "had a full and fair opportunity to present his case against bond forfeiture" at that hearing. Commonwealth's Brief at 9. Thus, the Commonwealth asserts that the Estate is not entitled to set aside the April 9, 2015, forfeiture order.

---

[1] The Kentucky Supreme Court discussed the concept that a bail bond is subject to the constraints of contract law in the unpublished and nonbinding opinion of *Hospital of Louisa v Johnson County Fiscal Court*, No. 2009-SC-000280-DG, 2011 WL 1103054, at *5 (Ky. Mar. 24, 2011).

RCr 4.42 reads:

(1) If at any time following the release of the defendant and before the defendant is required to appear for trial the court is advised of a material change in the defendant's circumstances or that the defendant has not complied with all conditions imposed upon his or her release, the court having jurisdiction may order the defendant's arrest and require the defendant or the defendant's surety or sureties to appear and show cause why the bail bond should not be forfeited or the conditions of release be changed, or both.

(2) A copy of said order shall be served on the defendant and the defendant's surety or sureties. The court shall order the arrest of the defendant only when it has good cause to believe the defendant will not appear voluntarily upon notice to appear.

(3) Where the court is acting on advice that the defendant has not complied with all conditions imposed upon his or her release, the court shall not change the conditions of release or order forfeiture of the bail bond unless it finds by clear and convincing evidence that the defendant has [willfully] violated one of the conditions of his or her release or that there is a substantial risk of nonappearance.

(4) Where the court is acting on advice of a material change in the defendant's circumstances, it shall not change the conditions of release or order forfeiture of the bail bonds unless it finds by clear and convincing evidence that a material change in circumstances exists and that there is a substantial risk of nonappearance.

(5) Before the court may make the findings required for change of conditions or forfeiture of bail under this rule, the defendant and the defendant's surety or sureties shall be granted an adversary hearing comporting with the requirements of due process. Whenever the court

changes conditions of release (except upon motion of the defendant) or orders forfeiture of bail, it must furnish the defendant and the defendant's surety or sureties with written reasons for so doing.

Under RCr 4.42, both the defendant and the defendant's surety are entitled to notice of a bond's forfeiture. Before a forfeiture can occur, RCr 4.42 also mandates that the court find by clear and convincing evidence that defendant violated a condition of his release or that a material change in circumstances exists and there is a substantial risk of nonappearance. And, the court must conduct a hearing "comporting" with due process and render written findings outlining the reasons for forfeiture per RCr 4.42.

From the record, it is manifestly clear that the mandates of RCr 4.42 were not complied with by the Commonwealth or by the circuit court as concerns the April 2015 hearing. While the Commonwealth mailed a notice of review to Doug in February 2015, it did not mail such notice to James. The notice made no reference to a bond forfeiture hearing. Nevertheless, James apparently received the notice of review and attended the April 6, 2015, hearing, albeit without counsel. The notice of review, however, was deficient under RCr 4.42. It simply stated that the case would be brought for review of Doug's child support obligation and bond monies. The notice of review never informed James that the hearing was for forfeiture of the bond.

-8-

Following the April 6, 2015, hearing, the circuit court rendered a one-sentence order – "the Lyon Circuit Clerk will pay the bond in the amount of $5,000.00 to the Lyon County Child Support Office to apply to [Doug's] child support obligation." As evident from the order, the court failed to render written findings to support its bond forfeiture, thereby violating RCr 4.42. Consequently, we conclude that the circuit court and the Commonwealth failed to comply with the mandates of RCr 4.42 as concerns the April 9, 2015, order.

The Commonwealth further asserts that compliance with the November 29, 2018, order is "impossible." The Commonwealth notes that the $5,000 was paid to the custodial parent, and such funds were no longer in the possession of the Commonwealth. The Commonwealth states that it is unable to recoup the funds once payment is made to the custodial parent.

In its November 29, 2018, order, the circuit court granted a judgment in favor of the Estate against the Commonwealth in the amount of $5,000. The court did not order the Commonwealth to recoup the $5,000 paid to the custodial parent. Rather, the court entered a final judgment for $5,000 against the Commonwealth. Based on our review of the record and applicable law, we conclude it is not impossible for the Commonwealth to pay the judgment. Given that the Commonwealth created the problem by not moving for a bond forfeiture

hearing in accordance with RCr 4.42, both fairness and equity support the circuit court's judgment in this case.

For the foregoing reasons, the November 29, 2018, Order of the Lyon Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Lee F. Wilson                                   David M. Cross
Eddyville, Kentucky                        Albany, Kentucky