RENDERED: FEBRUARY 11, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0235-MR

LOUISVILLE/JEFFERSON COUNTY                                        APPELLANT
METRO REVENUE COMMISSION


                          APPEAL FROM JEFFERSON CIRCUIT COURT
v.                        HONORABLE MARY M. SHAW, JUDGE
                          ACTION NO. 19-CI-000899


VENTAS, INC.                                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: This is a declaratory judgment action commenced by a

taxpayer, Ventas, Inc., the appellee herein. Appellant, Louisville Metro Revenue

Commission (the Commission) appeals from an order of the Jefferson Circuit

Court denying its motion to dismiss. The Commission contends that the circuit

court erred by rejecting its assertion that governmental immunity precludes

prosecution of the action. After our review, we affirm the order of the circuit court

holding that the Commission is not entitled to invoke the protection of governmental immunity.

Ventas, Inc., operates as a national healthcare real estate investment trust ("REIT") and transacts business in multiple jurisdictions. While it maintains corporate offices in Louisville, fewer than 1% of its real estate assets are located in the area. Moreover, none of Ventas's Louisville area activity relates to the operation of REIT properties and the revenue produced by them. Nevertheless, the Commission subjects 10% of Ventas's income to the occupational license tax. The Revenue Commission rejected Ventas's claim that the tax imposed is illegal, and it refused to vary its method of apportionment. Ventas paid the tax as calculated by the Revenue Commission.

On February 8, 2019, Ventas filed a declaration of rights action against the Revenue Commission. Ventas sought a declaration that it is entitled to a variance from the standard apportionment formula used by the Revenue Commission to calculate its occupational license tax. Ventas challenged the Revenue Commission's calculation as grossly out of proportion to the business that it transacts in the Louisville area. It complained that the Revenue Commission's refusal to apportion its tax liability in a manner that fairly represents the extent of its business violates the provisions of: the Louisville Metro Code of Ordinances 110.06(F); the Metro Revenue Commission's Regulation 3.14(c); Kentucky

-2-

Revised Statute (KRS) 67.753(4); and the Due Process and Commerce Clauses of the United States Constitution. In its answer, the Revenue Commission asserted that the circuit court lacked subject matter jurisdiction. After a period of discovery, Ventas filed an extensive motion for summary judgment.

In response, the Revenue Commission filed a motion to dismiss the action on the ground that principles of sovereign immunity apply to bar Ventas's request for declaratory relief. Ventas resisted the motion. The circuit court agreed with Ventas and concluded that the Revenue Commission's immunity did not preclude the taxpayer's declaratory judgment action, and by order entered on February 8, 2021, it denied the motion to dismiss. This appeal followed.

Before addressing the issue presented on appeal, we must consider whether our jurisdiction has been properly invoked. *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883 (Ky. 2009). Ordinarily, our review is confined to final judgments, orders, and decrees. *Commonwealth v. Farmer*, 423 S.W.3d 690 (Ky. 2014). An order denying a motion to dismiss is deemed interlocutory. Nevertheless, because sovereign immunity shields not only against liability but also against the expense of unwarranted litigation, we take jurisdiction and review the circuit court's resolution of this issue even in the absence of a final order. *Meinhart v. Louisville Metro Government*, 627 S.W.3d 824 (Ky. 2021); *Sheets v. Ford Motor Co.*, 626 S.W.3d 594 (Ky. 2021). Our review is strictly limited to the

single issue of whether the Revenue Commission's immunity precludes this declaratory judgment action. *Baker v. Fields*, 543 S.W.3d 575 (Ky. 2018). Because this issue involves a question of law, we review it *de novo. University of Louisville v. Rothstein*, 532 S.W.3d 644 (Ky. 2017).

Sovereign immunity acts as a limit upon the power of the judiciary. *Beshear v. Haydon Bridge Co., Inc.*, 416 S.W.3d 280, 291 (Ky. 2013) (*Haydon Bridge II*). The doctrine prohibits the assertion of legal claims against a government's treasury where the sovereign has not consented to an action against it. *Id.*

Louisville Metro Government is entitled to sovereign immunity. *Jewish Hospital Healthcare Services, Inc. v. Louisville/ Jefferson County Metro Government*, 270 S.W.3d 904 (Ky. App. 2008) (citing *Cullinan v. Jefferson County*, 418 S.W.2d 407 (Ky. 1967), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001)). As an agency of Louisville Metro Government performing an integral government function, the Revenue Commission is entitled to assert governmental immunity, an extension of sovereign immunity. *See Bryant v. Louisville Metro Housing Authority*, 568 S.W.3d 839 (Ky. 2019). Where, as here, an agency acts in a governmental capacity, governmental immunity is functionally equivalent to sovereign immunity. *Id.*

-4-

The Revenue Commission argues that the declaratory judgment action is barred by its governmental immunity because, if successful, Ventas will use the circuit court's judgment to recover money from it in the form of a tax refund. We disagree.

The Declaratory Judgment Act is promulgated at KRS Chapter 418. It provides, in part, as follows:

> In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

KRS 418.040. The provisions of KRS 418.045 include examples of when a declaratory judgment may be requested and specifically recognizes that a declaratory judgment may be granted when a person's rights are affected by a statute or other government regulation. Once the court has issued a declaration of rights by judgment, order, or decree, further relief based upon that declaration may be granted whenever necessary or proper. KRS 418.055.

In *Commonwealth v. Kentucky Retirement Systems*, 396 S.W.3d 833 (Ky. 2013), the Supreme Court of Kentucky held that the Commonwealth's sovereign immunity did not preclude a declaratory judgment action. In *Retirement Systems*, a group of county employees sought a declaration that a statute affecting their retirement benefits was unconstitutional. *Id.* at 835. The Commonwealth

moved for dismissal on the basis of sovereign immunity. *Id.* at 836. The trial court denied the motion. *Id.*

On appeal, the Supreme Court of Kentucky noted that a declaratory judgment action is not a claim for damages, but simply a request that the plaintiffs' rights under the law be declared. It observed that a declaratory judgment action is qualitatively different from an action requiring the state to pay out money damages. "There is no harm to state resources from a declaratory judgment . . . the state is merely taking a position on what a plaintiffs (sic) rights are in the underlying controversy." *Id.* at 838. *Retirement Systems* made clear that the Commonwealth's sovereign immunity does not preclude a declaratory judgment action. The Revenue Commission does not address this opinion.

Nor does it address the Supreme Court of Kentucky's opinion in *University of Kentucky v. Moore*, 599 S.W.3d 798 (Ky. 2019). In *Moore*, the high Court reiterated that sovereign immunity does not bar an action against the state or its agencies where the relief sought does not involve the use of public funds.

Without mentioning *Moore*, the Revenue Commission would distinguish its holding by contending that a refund claim is implicit in the declaratory judgment action filed by Ventas and that a refund "presents a harm to state or governmental resources that implicates sovereign immunity." However, the only claim presented in the complaint filed by Ventas is one for declaratory

judgment. Ventas did not request a refund for an overpayment of taxes. Instead, it simply asked the circuit court to decide whether it was entitled to relief in the form of an alternative and equitable apportionment. Consequently, the declaratory judgment action did not impinge upon the Revenue Commission's governmental immunity. *See Haydon Bridge II*, 416 S.W.3d 280. Moreover, the refund provisions of KRS 67.778(2) and Louisville Metro Code of Ordinances 110.10 constitute a limited waiver of immunity.

Alternatively, the Revenue Commission contends that relevant ordinances, administrative regulations, and statutes governing tax collection and refunds provide Ventas with an exclusive remedy. It contends that these provisions preclude the declaratory judgment action pursued in this matter. We regard this argument as a variation upon the Revenue Commission's contention that Ventas's request for declaratory relief constitutes a refund claim. However, because we are persuaded that a refund is not at issue, the provisions pertaining to a refund are irrelevant. Moreover, "[a]n ordinance . . . cannot forbid what a statute expressly permits. . . ." *Kentucky Restaurant Ass'n v. Louisville/Jefferson County Metro Gov't*, 501 S.W.3d 425, 428 (Ky. 2016) (citing *City of Harlan v. Scott*, 290 Ky. 585, 162 S.W.2d 8, 9 (1942)).

The Jefferson Circuit Court is vested with jurisdiction to consider the issue presented by Ventas in its declaratory judgment action. The court did not err by denying the Revenue Commission's motion to dismiss.

Accordingly, we affirm the order of the Jefferson Circuit Court denying the motion to dismiss.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael J. O'Connell
Jefferson County Attorney

Laura M. Ferguson
I. Joel Frockt
Assistant Jefferson County
Attorneys
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mark A. Loyd
Bailey Roese
Stephanie M. Bruns
Louisville, Kentucky