RENDERED: OCTOBER 14, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0666-MR

CEDRIC O'NEAL                                                      APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE THOMAS D. WINGATE, JUDGE
                    ACTION NO. 21-CI-00069


COMMONWEALTH OF KENTUCKY;
COOKIE CREWS, DEPARTMENT OF
CORRECTIONS COMMISSIONER;
DANIEL AKERS, WARDEN; DANIEL
J. CAMERON; KENTUCKY
DEPARTMENT OF CORRECTIONS;
AND KENTUCKY PAROLE BOARD,
PARTY OF INTEREST                                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Cedric O'Neal appeals the Franklin Circuit Court's order

dismissing his petition for declaratory judgment. He contends the circuit court

erred in determining his sentence does not violate the Eighth Amendment's prohibition against cruel and unusual punishment. Finding no error, we affirm.

## BACKGROUND

A Jefferson County jury convicted O'Neal of wanton murder and first-degree robbery in 1998. He was fourteen years old at the time he committed the offenses. The jury sentenced him to life imprisonment with the possibility of parole, and the Kentucky Supreme Court affirmed both his conviction and sentence. He served his sentence with the Department of Juvenile Justice until he turned eighteen, and thereafter at a Department of Corrections facility. O'Neal has repeatedly applied for parole, which has been denied in each instance due to the seriousness of the underlying offenses.

O'Neal has mounted several challenges to his sentence. In 2003, O'Neal filed an RCr[1] 11.42 motion claiming ineffective assistance of counsel. The motion was denied, and this Court affirmed. *O'Neal v. Commonwealth*, No. 2003-CA-001926-MR, 2006 WL 750274 (Ky. App. Mar. 24, 2006). In 2017, O'Neal filed a second RCr 11.42 motion. He argued his life sentence was unconstitutional, and based his second motion on the decisions of the Supreme Court of the United States in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct 718, 193 L. Ed. 2d

[1] Kentucky Rules of Criminal Procedure.

599 (2016). The trial court denied his second motion, and the Court of Appeals again affirmed; this Court determined, though O'Neal correctly stated that *Miller* and *Montgomery* prohibit mandatory life sentences without the possibility of parole for juveniles, O'Neal's life sentence included the possibility of parole, and thus his sentence did not violate the Eighth Amendment. *O'Neal v. Commonwealth*, No. 2019-CA-000447-MR, 2020 WL 1074673 (Ky. App. Mar. 6, 2020).

On February 22, 2021, O'Neal filed another action with Division II of the Franklin Circuit Court. In his petition for a declaratory judgment, he again argued KRS[2] 635.020(4) is unconstitutional under the Eighth Amendment, and again cited *Miller* and *Montgomery* – as well as *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) – to support his petition.

The Commonwealth and the Attorney General filed a joint motion to dismiss under CR[3] 12.02(f) on March 19, 2021. The Attorney General argued O'Neal failed to state a cause of action against the Attorney General, and that *Miller* and *Montgomery* did not render KRS 635.020(4) unconstitutional. The circuit court agreed and granted the Attorney General's motion to dismiss in an order entered May 7, 2021. In addition to declining to consolidate this action with

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Civil Procedure.

another action O'Neal had filed with Division I of the Franklin Circuit, the circuit court held the Attorney General is not a necessary party to actions challenging the validity of statutes; instead, the Attorney General is able to join such actions at his option. More central to the present appeal, the circuit court determined O'Neal failed to articulate just how KRS 635.020(4) is unconstitutional. He failed to demonstrate how *Graham*, *Miller*, and *Montgomery* render the statute unconstitutional but, in any event, they do not apply to him because his sentence includes the possibility of parole. This appeal followed.

## STANDARD OF REVIEW

Because a motion to dismiss for failure to state a claim under CR 12.02(f) is a question of law, it is subject to *de novo* review. *Campbell v. Ballard*, 559 S.W.3d 869, 870 (Ky. App. 2018) (citing *Carruthers v. Edwards*, 395 S.W.3d 488, 491 (Ky. App. 2012)). The trial court must liberally construe pleadings in a light most favorable to the petitioner and must take the allegations contained therein as true. *Id*. at 870-71.

## ANALYSIS

O'Neal contends the circuit court erred in finding KRS 635.020(4) to be constitutional. The circuit court did not so err, and the circuit court therefore correctly concluded O'Neal was not entitled to relief under any set of provable facts. KRS 635.020(4) provides how juvenile defendants charged with a felony

-4-

involving a firearm are to be treated prior to trial. At the time of O'Neal's charge and conviction, the statute provided such juveniles "shall be subject to the same penalties as an adult offender[.]" KRS 635.020(4) (1997). O'Neal's offenses involved the use of a firearm in their commission, resulting in his transfer to circuit court to be tried as an adult.

Our courts have repeatedly upheld KRS 635.020(4) as constitutional. *See Perkins v. Commonwealth*, 511 S.W.3d 380 (Ky. App. 2016) (holding KRS 635.020(4) violates neither substantive due process nor equal protection); *see also Hunter v. Commonwealth*, 587 S.W.3d 298 (Ky. 2019) (holding KRS 635.020(4) does not unconstitutionally subject a juvenile defendant to penalties beyond prescribed statutory maximums without consideration by a jury and reaffirming KRS 635.020(4) complies with substantive due process and equal protection). O'Neal challenges the statute on Eighth Amendment grounds, arguing it is cruel and unusual punishment to impose a life sentence upon a juvenile defendant who finds his case transferred to circuit court where the child is to be tried as an adult. For support, he offers the Supreme Court of the United States' decisions in *Miller*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407; *Montgomery*, 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599; and *Graham*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825.

None of these cases supports O'Neal's argument. As we previously explained, *Miller*, *Montgomery*, and *Graham* do not apply to O'Neal's circumstances – a life sentence *with* the possibility of parole – when we affirmed denial of his second RCr 11.42 motion:

> In *Miller v. Alabama*, the U.S. Supreme Court addressed Alabama's mandatory sentencing scheme. It held that sentencing a juvenile homicide offender to a mandatory life sentence, without the possibility of parole, was a violation of the Eighth Amendment to the United States Constitution. *Miller*, 567 U.S. at 489, 132 S. Ct. at 2474-75. The Court focused on its decision in *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), which held that juvenile offenders could not be sentenced to life without parole for nonhomicide offenses. *Miller*, 567 U.S. at 470, 132 S. Ct. at 2463. It then incorporated *Graham*'s emphasis on the youthful status of the defendants and their ability to rehabilitate. *Id.* at 470-71, 132 S. Ct. at 2463-64. The majority's main concern was with the mandatory imposition of the sentence because mandatory sentencing schemes do not allow for the sentencing authority's discretion and consideration of factors relating to a juvenile offender's age, specifically any lessened culpability and greater capacity for change. *Id.* at 465, 132 S. Ct. at 2460 (internal quotations and citation omitted). Finally, the Court concluded in *Miller*, based on its reasoning in *Graham*, that a sentence of life without parole is possible for a juvenile homicide offender – but only where the sentencing authority has discretion to consider mitigating factors related to youth. *Id.* at 480, 132 S. Ct. at 2469.
>
> Then, in *Montgomery v. Louisiana*, the Supreme Court reaffirmed its holding in *Miller*. It held that *Miller*'s rule was substantive and acted retroactively in cases on collateral review. *Montgomery*, 136 S. Ct. at 726, 732.

The Court did point out that *Miller*'s holding has a procedural component, which requires the sentencing authority consider factors related to the juvenile offender's youth before finding a life sentence without parole to be a proportionate sentence to the crime(s) committed. *Id.* at 734. Significantly, the Court noted that though it had created a retroactive rule regarding sentencing, states would not have to relitigate sentences and convictions in this category of cases. *Id.* at 736. Instead, a state could remedy the violation by permitting juvenile offenders to be considered for parole after a term of years had been served. *Id.*

O'Neal does correctly state that the Supreme Court, in *Miller* and *Montgomery*, decided that life sentences mandatorily imposed on juvenile offenders violate the Eighth Amendment and are subject to collateral attack where the defendant is not afforded a meaningful opportunity to present mitigating evidence. However, as pointed out by the Commonwealth and the trial court, O'Neal was not sentenced to life imprisonment without the possibility of parole. He was only sentenced to life in prison. O'Neal had the ability to appear before the Kentucky Parole Board. He still had the option to petition for parole, which he did on multiple occasions – as evidenced by his parole being denied. The Supreme Court of Kentucky upheld this sentence as constitutional on direct appeal, and his sentence is dissimilar to those which the Supreme Court of the United States expressed its concern in *Miller* and *Alabama*.

*O'Neal*, 2020 WL 1074673 at *2. Our analysis applies with equal force to the

current appeal. No precedent exists which would render O'Neal's sentence cruel

and unusual punishment, and we decline to extend the scope of such precedent

here. The circuit court properly determined O'Neal would not be entitled to relief

-7-

under any facts he could prove in support of his claim, and, accordingly, we affirm the circuit court's dismissal of O'Neal's petition.

Next, O'Neal apparently does not challenge the circuit court's dismissal of the Attorney General from the underlying declaratory judgment action. However, the Attorney General correctly notes in his response brief that KRS 418.075 merely requires the Attorney General be served with a copy of a petition challenging the constitutionality of a statute or statutes. KRS 418.075(1). Though the Attorney General must be notified, he may defend the constitutionality of statutes at his option. *See Commonwealth v. Hamilton*, 411 S.W.3d 741, 751 (Ky. 2013) ("[T]he Attorney General is not required by law to participate in any proceeding of which notice is received regarding a potential constitutional challenge."); *see also Commonwealth v. Kentucky Retirement Systems*, 396 S.W.3d 833, 841 (Ky. 2013) (where the Commonwealth's interest was adequately represented through the Retirement Systems' presence in the lawsuit, the Attorney General could decline participation). The circuit court, therefore, did not err in granting the Attorney General's request to be dismissed as a party.

Finally, O'Neal asserts in his brief that KRS 635.020(4) somehow violates Article I, Section 9, Clause 3 and Article I, Section 10, Clause 1 of the United States Constitution, arguing it is an unconstitutional bill of attainder. He did raise this argument in his petition before the circuit court. However, this

argument lacks any merit, as KRS 635.020(4) is not an act of the legislature which punishes a person or a group of people without trial and conviction. In fact, the statute does not prescribe punishment at all, but rather is a procedural statute which provides criteria for how juveniles are to be tried; it is not a prescription of punishment, but rather a reflection of a legislative preference to try certain offenders as adults because of the seriousness of their offenses. The circuit court was correct to give this argument no credence.

Because O'Neal was not entitled to relief under any facts he could have proven to support his arguments before the circuit court, his petition was properly dismissed. We find no error in the Franklin Circuit Court's order.

## **CONCLUSION**

For the foregoing reasons, we affirm the Franklin Circuit Court's May 7, 2021 order dismissing O'Neal's petition for declaratory judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Cedric O'Neal, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEES
COMMONWEALTH OF
KENTUCKY AND THE
ATTORNEY GENERAL:

Brett R. Nolan
Frankfort, Kentucky