DEPARTMENT OF CORRECTIONS; Northpoint Training Center; Dewey Sowders, Individually and as Warden of Northpoint Training Center; Don Shepherd, Individually and as Unit Director of Northpoint Training Center; Tim Napier, Individually and as Unit Director of Northpoint Training Center; and E.L. Sparkman, Individually and as Warden of Northpoint Training Center Appellants/Cross–Appellees,

and

Kentucky Association of Counties, Amicus Curiae,

and

Governor's Executive Cabinet, Amicus Curiae,

v.

Dorsey FURR, Appellee/Cross–Appellant.

Nos. 1999–SC–0159–DG, 1999–SC–0332–DG.

Supreme Court of Kentucky.

April 20, 2000.

Rehearing Denied Aug. 24, 2000.

Mark A. Sipek, Department of Corrections, Office of General Counsel, Frankfort, for Appellants/Cross–Appellees.

William C. Jacobs, Linda B. Sullivan, Lexington, for Appellee/Cross–Appellant.

Brent Caldwell, McBrayer, McGinnis, Leslie & Kirkland, Frankfort, Richard M. Sullivan, Edward F. Busch, Conliffe, Sandmann & Sullivan, Louisville, for Amicus Curiae, Kentucky Association of Counties.

John W. Conway, Office of the Secretary, Governor's Executive Cabinet, Daniel F. Egbers, General Counsel, Personnel Cabinet, Barbara W. Jones, General Counsel, Justice Cabinet, Frankfort, for Amicus Curiae, Governor's Executive Cabinet.

JOHNSTONE, Justice.

In this case, we address the single issue of whether the Commonwealth of Kentucky has waived sovereign immunity for claims brought under the Kentucky Civil Rights Act. KRS Chapter 344. We hold that it has and affirm the Court of Appeals.

Appellee, Dorsey Furr, filed suit against Appellants alleging gender discrimination, sexual harassment, and retaliation in violation of the Kentucky Civil Rights Act. Subsequently, Appellants filed a motion for summary judgment, which the trial court granted as to Furr's retaliation claim on grounds that there was no evidence of adverse or retaliatory action against Furr. The case proceeded to trial on the underlying issues of gender discrimination and sexual harassment, and the jury returned a verdict in favor of the Appellants.

Appellants raised the issue of sovereign immunity for the first time on appeal to the Court of Appeals. *See Wells v. Commonwealth Department of Highways,* Ky., 384 S.W.2d 308 (1964) (because sovereign immunity can only be waived by the General Assembly, it can be raised as a defense for the first time on appeal). The Court of Appeals held that Furr's claim was not barred by the doctrine of sovereign immunity. Further, the Court of Appeals reversed the trial court's grant of summary judgment on the retaliation claim and affirmed the part of the trial court's judgment based upon the jury's verdict in favor of the Appellants. We granted discretionary review on the issue of whether the General Assembly has waived sovereign immunity for claims brought under the Kentucky Civil Rights Act.

The line demarcating where the doctrine of sovereign immunity applied and where it did not apply was long drawn in shifting sands before we chiseled the line in stone in *Withers v. University of Kentucky,* Ky., 939 S.W.2d 340 (1997). In *Withers,* we held, "We will find waiver only where stated 'by the most express language or by

such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Id.* at 346 quoting *Murray v. Wilson Distilling Company,* 213 U.S. 151, 171, 29 S.Ct. 458, 464–65, 53 L.Ed. 742 (1909).

In its brief analysis of this issue, applying the *Withers* standard, the Court of Appeals reasoned:

> KRS 344.030(2) defines "employer" in pertinent part as "a person who has eight (8) or more employees within the state . . . ." KRS 344.010(1) defines "person" as used in KRS Chapter 344 to include *"the state, any of its political or civil subdivisions or agencies."* (Emphasis added). The very definition of "person" as adopted by our General Assembly specifically names the state as an employer for purposes of KRS Chapter 344, thus effecting a waiver of sovereign immunity by "overwhelming implication."

*Furr v. Department of Corrections,* Ky. App., 1997–CA–002550–MR at 4 (January 29, 1999).

Appellants argue that the above does not create the overwhelming implication of waiver of sovereign immunity and, thus, the Court of Appeals must be reversed. We disagree.

In addition to the analysis of the Court of Appeals, we find further support for our holding in the Kentucky Civil Rights Act itself. One of the purposes of KRS Chapter 344 is:

> To safeguard *all individuals* within the state from discrimination . . .; thereby to protect their interest in personal dignity and freedom from humiliation, to make available to *the state* their full productive capacities, to secure the states against domestic strife and unrest which would menace its democratic institutions, to preserve the public safety, health, and general welfare, and to further the interest, rights, and privileges of individuals within the state.

KRS 344.020(1)(b) (emphasis added).

These words contain a solemn and hard won promise to *all* the people of the Commonwealth. The promise was made by the Commonwealth to its citizens through the General Assembly. What hollow words indeed if the safeguard against discrimination does not include the right to be free from of acts of discrimination committed by the Commonwealth itself, or in its name.

 The doctrine of sovereign immunity sweeps broadly. It shields *inter alia* counties,[1] boards of education,[2] public universities, university hospitals and all "departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure."[3] To immunize the Commonwealth from the application of the Kentucky Civil Rights Act frustrates the act's purpose and intent, deprives many of its citizens of its protection, and renders meaningless its pledge to safeguard *all individuals* from discrimination. Such a construction is neither tenable nor tolerable.

Finally, we address the argument that the General Assembly did not intend to waive sovereign immunity because the remedy provision of KRS 344.450 provides for neither an express cause of action against the Commonwealth nor an "implied" cause of action against the Commonwealth. The argument does not withstand scrutiny.

KRS 344.450 is completely silent concerning against whom a cause of action may be brought. Rather, the statute simply provides a remedy for "any act in violation of the provisions of this chapter

---

1. *Franklin County, Kentucky v. Malone,* Ky., 957 S.W.2d 195, 203 (1997).

2. *Clevinger v. Board of Education of Pike County,* Ky., 789 S.W.2d 5, 9 (1990).

3. *Withers,* 939 S.W.2d at 344.

...." Thus, we are directed to the particular acts that constitute a violation of the chapter in order to determine against whom a cause of action may be brought. In this case, the applicable statute provides, "It is unlawful practice for an employer ...." KRS 344.040. And as shown above, the definition of employer includes a "person," which is defined to include the state, any of its political or civil subdivisions, or agencies. KRS 344.010(1). Thus, by overwhelming implication, KRS 344.450 provides a cause of action against the Commonwealth for violations of the Kentucky Civil Rights Act. This is as it should be.

For the foregoing reasons, the opinion of the Court of Appeals is hereby affirmed.

GRAVES, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., dissents by separate opinion, with LAMBERT, C.J., and KELLER, J., joining that dissent.

COOPER, Justice, Dissenting.

The Kentucky Civil Rights Act provides both an administrative remedy and a civil remedy. The administrative remedy is initiated by a complaint filed with the Commission on Human Rights, which has the power to impose certain sanctions, including affirmative action. KRS 344.200; KRS 344.230(2), (3). The civil remedy is set forth in KRS 344.450 as follows:

> **344.450. Civil remedies for injunction and damages.**—*Any person* deeming himself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, *and to recover the actual damages sustained by him,* together with the costs of the law suit, including a reasonable fee for his attorney of record, all of which shall be in addition to any other remedies contained in this chapter. (Emphasis added.)

The issue in this case is whether this statute permits an action in damages to be brought against the Commonwealth, *i.e.,* whether the language of KRS 344.450 constitutes a waiver of sovereign immunity established in Section 231 of our Constitution. The answer is found in KRS 44.072 and our recent decision in *Withers v. University of Kentucky,* Ky., 939 S.W.2d 340 (1997).

KRS 44.072 provides in pertinent part:

> The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employees while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations *except where sovereign immunity is specifically and expressly waived as set forth by statute.* (Emphasis added.)

In *Withers,* we supposedly abandoned what the majority opinion accurately describes as the "shifting sands" of our prior decisions on the issue of waiver:

> We will find waiver only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction."

*Withers,* 939 S.W.2d at 346 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662, 678 (1974)).

Unfortunately, the majority opinion in this case has re-embraced rather than eschewed the "shifting sands" approach to the issue of waiver. Nothing in the language of KRS 344.450 "specifically and expressly" waives the defense of sovereign immunity. Nor does the text of the statute create such an overwhelming implication of waiver as to leave no room for any other reasonable construction. Recognizing that the text of KRS 344.450 "is completely silent concerning against whom a

cause of action may be brought," op., at 617, the majority concludes that such an action may be brought against the Commonwealth because KRS 344.030(2) defines "employer" as, *inter alia,* "a *person,*" and KRS 344.010(1) defines "person" as, *inter alia,* "the *state.*" Even so, nothing in those statutes "specifically and expressly" allows an aggrieved party to sue the state for damages.

Having defined "employer" as a "person" and a "person" as the "state," the majority then decides that the state must thus be an employer who can be sued for damages under KRS 344.450. Unfortunately, the definitions of "employer" and "person" have no relevance at all in interpreting the language of KRS 344.450. The statute does not say that "[a]ny person in violation of the provisions of this chapter" may be sued for damages in Circuit Court. It says that "[a]ny person deeming himself injured by any act in violation of the provisions of this chapter" may sue for damages in Circuit Court. The word "person" in KRS 344.450 refers to the aggrieved party, not the employer.

As noted *supra,* the Civil Rights Act provides multiple remedies, only one of which is the right to sue for damages in Circuit Court. *Meyers v. Chapman Printing Co., Inc.,* Ky., 840 S.W.2d 814, 820 (1992). The fact that state agencies might be subject to other remedies described in the Act does not create an "overwhelming implication" leaving "no room for any other reasonable construction" that KRS 344.450 constitutes a waiver of sovereign immunity. In fact, in light of the unambiguous language of KRS 44.072, a reasonable construction of the Civil Rights Act as a whole is that although private employers are subject to all of the remedies described in the Act, including monetary damages, agencies of the Commonwealth are subject only to administrative sanctions, but cannot be sued for monetary damages in Circuit Court.

Accordingly, I would reverse the Court of Appeals and reinstate the summary judgment entered by the Boyle Circuit Court.

LAMBERT, C.J.; and KELLER, J., join this dissenting opinion.