RENDERED: MARCH 22, 2018
TO BE PUBLISHED

𝔖upreme 𝔔ourt of 𝔎entucky FINAL

2017-SC-0000144-DG

DATE 4/12/18 Kim Redmon, DC

KAMRYN BAKER                                              APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2015-CA-001673
LAUREL CIRCUIT COURT NO. 13-CI-01000

LYNN FIELDS AND BO RAINS                                  APPELLEES

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**REVERSING AND REMANDING**

In *Breathitt County Bd. of Educ. v. Prater*, this court announced a new rule
of law allowing an interlocutory appeal of a trial court's ruling on an immunity
defense.[1] We granted discretionary review of this case to determine if the Court
of Appeals exceeded the scope of appellate review in this interlocutory appeal
when it not only agreed with the trial court that the defendants were not
entitled to qualified immunity but went further and conclusively determined
that these defendants were not negligent as a matter of law. We hold that the
scope of appellate review of an interlocutory appeal of the trial court's
determination of qualified official immunity is limited to the specific issue of
whether immunity was properly denied. So we must reverse the Court of

---

[1] 292 S.W.3d 883, 886 (Ky. 2009).

Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND.

Kamryn Baker, a student at North Laurel High School, brought suit against various school officials, in their individual and official capacities, after slipping on a patch of black ice in the school's parking lot. The trial court dismissed the suit against all but two defendants, Lynn Fields and Bo Rains, who are two grounds crew members allegedly responsible for removing snow and ice from the school's parking lot.

After some discovery took place, Fields and Rains moved for summary judgment, claiming protection under the qualified official immunity doctrine.[2] The trial court denied their motion, concluding that snow and ice removal duties are ministerial in nature. Fields and Rains filed a motion to alter, amend, or vacate the trial court's order denying immunity, which the trial court denied, as well.

Fields and Rains timely appealed to the Court of Appeals. In their Notice of Appeal, Fields and Rains indicated they were appealing the trial court's denial of their motion for summary judgment regarding their protection under the qualified official immunity doctrine. In their Prehearing Statements, Fields and Rains listed as issues to be raised in the appeal, "Qualified Official Immunity" and the discretionary nature of the duties of Fields and Rains. Finally, both parties only briefed the qualified immunity issue.

---

[2] Fields and Rains also claimed protection under the open and obvious doctrine, which the trial court also rejected. However, no appeal was filed on this basis.

2

The Court of Appeals agreed with the trial court that snow and ice removal is a ministerial duty not affording qualified immunity protection. But the Court of Appeals further decided that Fields and Rains were entitled to summary judgment as a matter of law based on the facts of the case—specifically, that Fields and Rains did not have a duty to remove the snow and ice. Baker then appealed to this Court, arguing that the Court of Appeals exceeded the scope of appellate review in deciding the substantive issue of negligence. We granted discretionary review.

## II. ANALYSIS.

The sole issue we must address is whether the Court of Appeals exceeded its scope of appellate review when it addressed the substantive claim of negligence on an interlocutory appeal of a decision about qualified official immunity. We find that the Court of Appeals did exceed its authority by addressing the claim of negligence. Because determining the proper scope of appellate review of an interlocutory appeal is a question of law, we review the Court of Appeals' decision de novo.

Procedurally, Fields and Rains' appeal to the Court of Appeals constituted an interlocutory appeal. When the trial court denied Fields and Rains' summary judgment motion, it only concluded that Fields and Rains were not entitled qualified official immunity protection. This did not constitute a final judgment under Kentucky Civil Rule ("CR") 54.01 because the

3

substantive claim of negligence still needed to be decided.[3] Generally, appeals may only be made from final judgments, per the plain language of CR 54.01. But in rare cases, Kentucky affords a party the opportunity to appeal certain issues in a case before final judgment has been issued, termed an interlocutory appeal.[4]

This Court in *Prater* specified that a ruling on an immunity defense is an appealable issue by interlocutory appeal.[5] We explained that the purpose of allowing an immunity issue to be raised by interlocutory appeal is "to address substantial claims of right which would be rendered moot by litigation and thus are not subject to meaningful review in the ordinary course following a final judgment."[6] We then "agree[d]...that orders denying claims of immunity raise this same concern and likewise should be subject to prompt appellate review."[7]

But the Court of Appeals in *Commonwealth v. Samaritan Alliance* correctly recognized that the scope of interlocutory appellate review should be limited to the issue of immunity, and no substantive issues.[8] We agree with the Court of Appeals' limitation on the scope of review of an interlocutory appeal. A

---

[3] "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01.

[4] *See generally, Ratliff v. Fiscal Court of Caldwell County*, 617 S.W.2d 36 (Ky. 1981). Various other Kentucky statutes, civil rules, and cases describe other situations providing for interlocutory appeals, but the enumeration of them here is unnecessary.

[5] 292 S.W.3d 883, 886 (Ky. 2009).

[6] *Id.*

[7] *Id.*

[8] 439 S.W.3d 757, 760 (Ky. App. 2014).

4

court can only address the issues presented in the interlocutory appeal itself, nothing more. Otherwise, interlocutory appeals would be used as vehicles for bypassing the structured appellate process. Specifically, this means, and we hold, that an appellate court reviewing an interlocutory appeal of a trial court's determination of a defendant's immunity from suit is limited to the specific issue of whether immunity was properly denied, nothing more. We note that this decision is in line with federal courts' review of interlocutory appeals.[9]

In this case, the Court of Appeals, in addition to finding the act of snow and ice removal as ministerial, conclusively determined that Fields and Rains did not have a duty to remove the snow and ice and therefore could not be found negligent. Conclusively determining the claim of negligence in this case was outside the scope of interlocutory appellate review. Determining whether the act of snow and ice removal is a discretionary or ministerial function is different from determining whether Fields and Rains had a duty to remove such snow and ice. In other words, at this point, the trial court has simply determined that the act of snow and ice removal is a ministerial function as a matter of law; the factfinder must determine whether Fields and Rains possessed the requisite duty to remove the snow and ice based on the factual circumstances of this case, as this, in part, determines the substantive claim of negligence. Only the issue of qualified official immunity may be decided upon

---

[9] "Interlocutory jurisdiction for denials of immunity is limited to the specific issue of whether immunity was properly denied." *Range v. Douglas*, 763 F.3d 573, 582 (6th Cir. 2014) (citing *Owensby v. City of Cincinnati*, 414 F.3d 596, 605 (6th Cir. 2005) (citing *Tucker v. City of Richmond*, 388 F.3d 216, 224 (6th Cir. 2004))).

an interlocutory appeal of such issue, not additional issues not presented on appeal, such as the substantive claim of negligence.

### III.    CONCLUSION.

The Court of Appeals exceeded the scope of appellate review by determining the substantive issue of negligence on an interlocutory appeal. We hold that the scope of appellate review of an interlocutory appeal of the trial court's determination of the application of qualified official immunity is limited to the specific issue of whether the immunity was properly denied and nothing more. So we reverse the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

All sitting. Minton, C.J., Hughes, Keller, VanMeter, Venters, and Wright, JJ., concur. Cunningham, J., concurs in part and dissents in part by separate opinion.

CUNNINGHAM, J., CONCURRING IN PART AND DISSENTING IN PART: I concur that the Court of appeals exceeded its scope of appellate review. However, I also believe that it made the wrong decision regarding the functions of the Appellees, Fields and Rains, as ministerial. The clearing of ice and snow on the school parking lot requires a multitude of decisions and choices of a discretionary nature. Therefore, the employees charged with that duty were clearly fulfilling a discretionary duty. I will refrain from writing further on this matter since there was no cross-appeal filed on that issue, and it is not before us.

6

COUNSEL FOR APPELLANT:

E. Liddell Vaughn
Anderson Vaughn & Allen, PLLC

COUNSEL FOR APPELLEES:

Larry Glenn Bryson
Larry G. Bryson, PSC