

RENDERED: SEPTEMBER 24, 2020
TO BE PUBLISHED
DATE 10-15-2020

# Supreme Court of Kentucky

## 2020-SC-0140-CL

IN RE:

CLARA RUPLINGER

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | WESTERN DISTRICT OF KENTUCKY |
| V. | LOUISVILLE DIVISION |
|  | CASE NO. 3:19-CV-583 |

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; LOUISVILLE
METRO DEPARTMENT OF CORRECTIONS;
GREG FISCHER, IN HIS OFFICIAL
CAPACITY; DOUG HAMILTON, IN HIS
OFFICIAL CAPACITY AND MARK BOLTON

### OPINION OF THE COURT BY JUSTICE VANMETER

### CERTIFYING THE LAW

By order entered May 28, 2020, this Court granted the United States

District Court, Western District of Kentucky's request for certification of law on

the following issues:

> Whether the General Assembly waived sovereign immunity from
> suit in the Kentucky Religious Freedom Restoration Act ("KRFRA");
> and
> Whether, if the underlying statute provides a waiver of sovereign
> immunity, the use of KRS[1] 446.070 to seek redress for violations of
> that underlying statute nevertheless entitles government
> defendants to immunity from suit.

---

[1] Kentucky Revised Statutes.

We hold that the General Assembly did not waive sovereign immunity from suit under the KRFRA as to monetary damages, and thus, Plaintiff, Clara Ruplinger, is limited to a potential declaratory judgment enjoining Louisville/Jefferson County Metro Government ("Metro") if she can prove a violation of KRFRA.

In the case pending in federal court, Metro has moved for dismissal of all claims against it, including a state law damages claim under KRFRA based on sovereign immunity. Ruplinger was arrested while protesting and was subsequently booked and photographed by Metro Police. Ruplinger, a Muslim woman, was wearing a hijab during her arrest. Upon arrival at the Main Jail Complex of Metro Corrections, a group of female officers initiated the facility's intake process. Ruplinger removed her headscarf which she states followed her sincerely held religious belief that the removal of a headscarf is proper around members of her own gender. However, when Ruplinger was asked to remove the headscarf for a booking photograph—taken by a male officer—she protested, stating that her religion prevented her from removing the headscarf in the presence of non-family, male individuals. Metro officers allegedly ordered Ruplinger to remove her headscarf and eventually she complied. The picture was then published on an online database. Metro alleges that all its actions were proper and were required by police policy.

Ruplinger filed her complaint in Jefferson Circuit Court alleging various federal claims and a state claim under KRFRA. Metro removed the case to the Western District of Kentucky and filed for dismissal. Metro acknowledges that

2

relief may be available to Ruplinger in the form of a declaratory judgment, but argues that sovereign immunity is not waived by KRS 446.350. While this Court has never ruled on whether KRS 446.350's language implies a waiver of sovereign immunity for monetary damages, this Court has extensive precedent discussing what language and intent is necessary for a complete waiver of sovereign immunity to be implied in a Kentucky statute.

"[P]ure sovereign immunity, for the state itself, has long been the rule in Kentucky." *Comair, Inc. v. Lexington-Fayette Urban Cty. Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009). This absolute immunity extends to county governments, including consolidated city-county government schemes like Metro. *Bryant v. Louisville Metro Housing Auth.*, 568 S.W.3d 839, 845 (Ky. 2019). Sovereign immunity can only be waived by the General Assembly. *Dep't of Corrs. v. Furr*, 23 S.W.3d 615, 616 (Ky. 2000) (citation omitted). "[A]bsent an explicit statutory waiver, Metro [] is entitled to sovereign immunity." *Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cty. Metro Gov't*, 270 S.W.3d 904, 907 (Ky. App. 2008). Thus, we must determine whether KRFRA contains an explicit waiver of sovereign immunity.

KRFRA states:

Government shall not substantially burden a person's freedom of religion. The right to act or refuse to act in a manner motivated by a sincerely held religious belief may not be substantially burdened unless the government proves by clear and convincing evidence that it has a compelling governmental interest in infringing the specific act or refusal to act and has used the least restrictive means to further that interest. A "burden" shall include indirect burdens such as withholding benefits, assessing penalties, or an exclusion from programs or access to facilities.

3

KRS 446.350. The above language includes no express waiver of sovereign immunity. An example of an express waiver can be found in the Kentucky Civil Rights Act ("KCRA"). KRS 344.450. KCRA explicitly provides a remedy for violations of the statute and states that "[a]ny person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained[.]" *Id.* No such language exists in KRFRA. While KRFRA codifies the standard a court must use to analyze a claim regarding a sincerely held religious belief, it does not express or imply what relief is available. Further, filing a claim in conjunction with KRS 446.070 does not waive sovereign immunity.[2] *See Clevinger v. Bd. of Educ.*, 789 S.W.2d 5, 9 (Ky. 1990) (KRS 446.070 does not constitute a waiver of sovereign immunity); *see also Dep't of Nat. Res. v. Adkins*, 2012-CA-1310-MR, 2013 WL 5524138, at *1 n.2 (Ky. App. Oct. 4, 2013) ("KRS 446.070 does not constitute a broad waiver of sovereign immunity[]"). KRFRA's absence of an explicit waiver of sovereign immunity and KRS 446.070's lack of authority to waive sovereign immunity is apparent from the language of both statutes. Thus, we certify that sovereign immunity as to monetary damages is waived neither as to the KRFRA, nor in conjunction with KRS 446.070.

All sitting. All concur.

---

[2] As no express waiver exists in KRFRA, the Western District's second certified question is moot.

4

COUNSEL FOR APPELLANT:

Paul Stewart Abney
Kelly Marie Parry
Jeremiah Wesley Reece
Soha Tajoddin Saiyed
ABNEY LAW OFFICE, PLLC

Vanessa Lynn Armstrong, Clerk
United States District Court
Louisville, Kentucky


COUNSEL FOR APPELLEES:

Susan Klein Rivera
Louisville, Kentucky