RENDERED:  NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1023-MR

COMMONWEALTH OF KENTUCKY,
JUSTICE CABINET, DEPARTMENT
OF CORRECTIONS                                                          APPELLANT


                          APPEAL FROM OLDHAM CIRCUIT COURT
v.                        HONORABLE KAREN A. CONRAD, JUDGE
                          ACTION NO. 20-CI-00123


NORA PERKINSON; CORRECT
CARE SOLUTIONS, LLC; AND
WELLPATH, LLC                                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  The Commonwealth of Kentucky, Justice Cabinet,

Department of Corrections (the DOC) filed an interlocutory appeal to challenge the

Oldham Circuit Court's decision allowing Nora Perkinson's Kentucky Civil Rights

Act (KCRA) retaliation claims made pursuant to Kentucky Revised Statutes (KRS)

344.280 to proceed against it. The DOC argues there is no valid waiver of its sovereign immunity because any waiver of its sovereign immunity is limited, it is not waived for claims that are not within the scope of the KCRA, the KCRA only applies to claims against employers and, thus, excludes the DOC from its scope because the DOC is not Perkinson's employer. We disagree and affirm because sovereign immunity was generally waived for purposes of KCRA and we cannot appropriately address the DOC's substantive issue as to whether non-employers can be liable under KRS 344.280 in this interlocutory appeal.

In 2020, Perkinson filed a complaint against Correct Care Solutions, LLC/Wellpath LLC (CCS/Wellpath)[1] and the DOC. She alleged that while working at the Kentucky State Reformatory (KSR) for CCS/Wellpath which contracted to providing medical services for the DOC, she was subjected to sexual harassment by two DOC employees (Michael Williams and John Grevious), CCS/Wellpath allowed this sexual harassment to continue, and the DOC conspired with CCS/Wellpath to create a hostile and retaliatory work environment. Perkinson argued that CCS/Wellpath and the DOC was aware that there was a pervasive sexual harassment and hostile work environment at KSR perpetrated by Williams and Grevious, Perkinson was sexually harassed and assaulted by both

___

[1] Based on Perkinson's allegations her employer essentially changed names but remained the same entity. As resolution of this issue and or which entity did what is irrelevant for purposes of this appeal, we refer to them jointly.

Grievous and Williams, and when Perkinson reported the sexual harassment, sexual assaults, and a hostile work environment, she was retaliated against. She specifically alleged: (Count I) CCS/Wellpath and the DOC violated KRS 344.040 by subjecting her to sexual harassment and a hostile work environment, explaining that the DOC acted as her joint employer with CCS/Wellpath; (Count II) CCS/Wellpath and the DOC violated KRS 344.280 by subjecting her to retaliation and discrimination for reporting the workplace harassment and hostile work environment; and (Count III) CCS/Wellpath and the DOC violated KRS 344.280 by conspiring with each other to violate the KCRA.

The DOC filed a motion to dismiss pursuant to the Kentucky Rules of Civil Procedure (CR) 12.02(a) for lack of subject matter jurisdiction and 12.02(f) failure to state a claim upon which relief can be granted as Perkinson is not its employee, the employment provisions of the KCRA only extend to employees, and "sovereign immunity bars her claims because the General Assembly has not waived immunity for discrimination claims by non-employees." Although the DOC substantively discussed why it believed dismissal would be appropriate as to all three counts based on the facts of the case, its argument regarding sovereign immunity was very limited.

The circuit court determined that the DOC's motion to dismiss was well taken as to Count I because the DOC was not Perkinson's joint employer with

CCS/Wellpath. The circuit court explained that Perkinson "failed to plead any facts that demonstrate that DOC had any control over her day to day employment, her compensation, benefits, the ability to hire, fire or discipline her or affect any essential terms and conditions of her employment." However, the circuit court agreed that Perkinson's retaliation and conspiracy claims under Counts II and III could proceed because Perkinson was correct that pursuant to KRS 344.280 a "person" was prohibited from retaliating against her for opposing a practice declared unlawful under KCRA and could also be liable for conspiracy to violate KCRA whether or not the DOC was her employer.

The DOC filed an interlocutory appeal on its sovereign immunity issue.[2] Perkinson filed a motion to dismiss this appeal as being an invalid interlocutory appeal as the DOC sought to receive premature review of a substantive legal issue and *Department of Corrections v. Furr*, 23 S.W.3d 615 (Ky. 2000), conclusively established waiver of the DOC's sovereign immunity. The motion was passed to the merits panel. We deny this motion to dismiss via separate order as moot.

"[A]n order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." *Breathitt Cnty.*

---

[2] Given the procedural posture of this case, we are limited to resolving this issue and Perkinson could not cross-appeal the dismissal of Count I.

*Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). *See Baker v. Fields*, 543 S.W.3d 575, 577-78 (Ky. 2018). As immunity is a legal question, we review *de novo* the circuit court's decision to deny immunity to the DOC. *Kentucky Heritage Land Conservation Fund Board v. Louisville Gas and Electric Company*, 648 S.W.3d 76, 82 (Ky.App. 2022).

The DOC argues that it had sovereign immunity because it is not Perkinson's employer and, therefore, cannot be subject to any liability pursuant to KRS 344.280, relying heavily on *Steilberg v. C2 Facilities Solution, LLC*, 275 S.W.3d 732 (Ky.App. 2008), to justify its position that Perkinson has no recourse under the KCRA because she is not the DOC's employee. The DOC generally set out its argument as follows, in its brief headings:

I.    The KCRA, at most, waives sovereign immunity for claims within its scope.

II.   Perkinson's claims fall outside the scope of the KCRA – and thus outside its immunity waiver – because its protections extend only to employees.

    A. The circuit court erred because it ignored *Steilberg*, which is binding precedent that requires an employment relationship for liability under KRS 344.280.

    B. *Steilberg* correctly applied KRS 344.280, because the statute requires an employment relationship.

C. Because KRS 344.280 claims may only be brought by employees, Perkinon's [sic] claims against the Department fail as a matter of law.

III. The Department has presented a substantial – and correct – claim of immunity.

The DOC argues that because it is not Perkinson's employer, it must be immune from suit under the general language of *Steilberg*, 275 S.W.3d at 735, that "the Kentucky Civil Rights Act protects an employee against unlawful discrimination[,]" and the fact that retaliation claims in *Steilberg* were dismissed along with discrimination claims once it was determined that C2 was not Steilberg's employer.

The DOC states that the waiver of immunity found in *Furr* is insufficient as "[t]his ignores that the KCRA, like many immunity-waiving statutes, contains at most a limited waiver." The DOC argues that based on such a limited waiver, while Perkinson "has nominally invoked the KCRA, . . . her claims are not the type for which the Commonwealth has waived its immunity" because "KRS 344.280 does not waive immunity for claims against a non-employer state agency."

Perkinson generally opposes the DOC's position because she argues that sovereign immunity for the DOC was ruled to be waived under the KCRA in *Furr* and argues that the clear language of KRS 344.280 allows non-employers to be liable for retaliation.

First, we consider the import of *Furr*.  We disagree with the DOC about the scope of *Furr*.  In *Furr*, the Kentucky Supreme Court stated at the outset "we address the single issue of whether the Commonwealth of Kentucky has waived sovereign immunity for claims brought under the Kentucky Civil Rights Act.  KRS Chapter 344.  We hold that it has[.]"  *Furr*, 23 S.W.3d at 616.  This opinion contained no limitations as to the scope of this waiver; it said nothing about the waiver as to the Commonwealth being limited to when the Commonwealth is acting as an employer, although the case was about a claim hinging upon the DOC being the employer.

The Kentucky Supreme Court declared there was an overwhelming implication of waiver of sovereign immunity based on the reasoning of the Court of Appeals below:

> KRS 344.030(2) defines "employer" in pertinent part as "a person who has eight (8) or more employees within the state . . . ."  KRS 344.010(1) defines "person" as used in KRS Chapter 344 to include "*the state, any of its political or civil subdivisions or agencies.*"  (Emphasis added).  The very definition of "person" as adopted by our General Assembly specifically names the state as an employer for purposes of KRS Chapter 344, thus effecting a waiver of sovereign immunity by "overwhelming implication."

*Id.* at 617.  It also found further support for its holding in the language of the KCRA, explaining as follows:

> One of the purposes of KRS Chapter 344 is:

> To safeguard *all individuals* within the state from discrimination . . .; thereby to protect their interest in personal dignity and freedom from humiliation, to make available to *the state* their full productive capacities, to secure the states against domestic strife and unrest which would menace its democratic institutions, to preserve the public safety, health, and general welfare, and to further the interest, rights, and privileges of individuals within the state.
>
> KRS 344.020(1)(b) (emphasis added).
>
> These words contain a solemn and hard won promise to *all* the people of the Commonwealth. The promise was made by the Commonwealth to its citizens through the General Assembly. What hollow words indeed if the safeguard against discrimination does not include the right to be free from of acts of discrimination committed by the Commonwealth itself, or in its name.

*Id.*

The Kentucky Supreme Court also rejected the DOC's "argument that the General Assembly did not intend to waive sovereign immunity because the remedy provision of KRS 344.450 provides for neither an express cause of action against the Commonwealth nor an 'implied' cause of action against the Commonwealth." *Furr*, 23 S.W.3d at 617. The Court stated unequivocally "[this] argument does not withstand scrutiny." *Id.* It explained that because KRS 344.450 was silent concerning against whom a cause of action may be brought, that "we are directed to the particular acts that constitute a violation of the chapter in order to

determine against whom a cause of action may be brought." *Furr*, 23 S.W.3d at 618. It then again analyzed the definition of an employer including a person which is defined to include the state and concluded: "Thus, by overwhelming implication, KRS 344.450 provides a cause of action against the Commonwealth for violations of the Kentucky Civil Rights Act. This is as it should be." *Furr*, 23 S.W.3d at 618.

*Furr* provides for a broad waiver of immunity when it is alleged that the Commonwealth has violated the KCRA. KRS 344.280 is part of the KCRA. Additionally, the language of KRS 344.280 is broad and not limited to liability for employers. It begins: "It shall be an unlawful practice for a person, or for two (2) or more persons to conspire: (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter[.]" The DOC is included in the definition of person, CCS/Wellpath also qualifies as a person, and both can be liable if they conspired to retaliate against Perkinson. Therefore, the DOC's actions could facially qualify for a violation under this provision.

Although the DOC heavily relies on *Steilberg* to support its position, it does not address immunity at all. *Steilberg* addressed whether an independent contractor could be considered an employee and, thus, bring a KCRA unlawful discrimination claim, with all parties agreeing that "the correct resolution of the

-9-

motion for summary judgment turns upon whether Steilberg can be regarded as C2's employee." *Steilberg*, 275 S.W.3d at 735.

It appears that Steilberg did not raise any issue as to whether the retaliation claims could survive such a decision. She may have assumed that if C2 was not her employer, there could be no unlawful practice to which any retaliation claim could attach. That is not necessarily true. *See Palmer v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 882 S.W.2d 117, 120-21 (Ky. 1994) (affirming that the entities were not one employer and thus did not have the requisite number of employees to qualify as an employer under the KCRA but reversing and remanding on the issue of whether there was no cause of action for unlawful retaliation against two individuals pursuant to KRS 344.280). We do not consider the absence of an explanation as to why the retaliation claim was also dismissed to mean, by implication, that retaliation claims cannot be sought against non-employers.

No further analysis is needed to confirm that Perkinson is not barred from proceeding with her retaliation claims against the DOC, and it would be inappropriate for us to substantively analyze this immunity issue further as explained in *Baker*.

*Baker* provides:

A court can only address the issues presented in the interlocutory appeal itself, nothing more. Otherwise,

-10-

interlocutory appeals would be used as vehicles for bypassing the structured appellate process. Specifically, this means, and we hold, that *an appellate court reviewing an interlocutory appeal of a trial court's determination of a defendant's immunity from suit is limited to the specific issue of whether immunity was properly denied, nothing more*.

543 S.W.3d at 578 (emphasis added).

The DOC goes much further in its appeal than limiting itself to whether its sovereign immunity was waived. Instead, it seeks an answer to a substantive legal issue, whether a non-employer can be liable for retaliation. While this question is an interesting legal issue,[3] it is not an immunity issue.

---

[3] The Sixth Circuit has squarely addressed this issue, explaining KRS 344.280 "forbids retaliation" by "a person[]" and "plainly permits the imposition of liability on individuals." *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000). However, our Courts have not unequivocally done the same. *Palmer* reversed the Court of Appeals' holding that there was no civil remedy on a retaliation claim against two individuals but did not specifically discuss any argument about whether non-employers could be liable for retaliation. Instead, it examined the Court of Appeals' determination that because KRS 344.990 makes a willful violation of KRS 344.280 a misdemeanor, a civil recovery was precluded; it rejected that reasoning because KRS 344.450 provided for a civil recovery. *Palmer*, 882 S.W.2d at 120. It is unclear whether anyone argued that non-employers could not be liable for retaliation. While two Justices would have affirmed the grant of summary judgment in the two individuals' favor, they did not provide any explanation of their reasoning. *Id.* at 121 (Stephens, C.J., and Spain, J., concurring in part). In *Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790, 808 (Ky. 2004), the majority opinion discussed individual liability for retaliation and noted the employee made "a persuasive argument . . . that individuals can be held liable for unlawful retaliation under KRS 344.280[,]" referencing *Morris*, but determined the issue was moot as the Court was reinstating the judgment against Brooks' employer finding the Housing Authority liable and so she could not get additional relief. Justices Keller and Stumbo would have allowed for joint and several liability against the individuals. *Id.* at 812-13 (Keller, J. concurring).

-11-

Accordingly, we affirm the Oldham Circuit Court decision to deny the DOC's motion to dismiss the counts relating to retaliation as the DOC is not immune from suit under the KCRA.

ALL CONCUR.

BRIEF FOR APPELLANT:

Shawn D. Chapman
Edward A. Baylous II
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Joe F. Childers
Bethany N. Baxter
Lexington, Kentucky