RENDERED: JUNE 16, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0137-MR

LANORA KAY REEDY                                                        APPELLANT

v.                     APPEAL FROM GRAYSON CIRCUIT COURT
                       HONORABLE BRUCE T. BUTLER, JUDGE
                       ACTION NO. 21-CI-00274

JEREMY S. LOGSDON,
INDIVIDUALLY, AND JEREMY S.
LOGSDON, IN HIS OFFICIAL
CAPACITY AS GRAYSON COUNTY
ATTORNEY                                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND ECKERLE, JUDGES.

DIXON, JUDGE:  Lanora Kay Reedy appeals the order of the Grayson Circuit

Court, entered January 6, 2022, dismissing her complaint.  After careful review of

the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

At issue is Logsdon's conduct in Reedy's ongoing criminal case, Grayson County Action Number 16-M-00453. In the underlying complaint, Reedy alleged that the former Grayson County Attorney, conspiring with other community members, brought criminal actions against her and her husband in an effort to force them to relinquish or diminish their rights to a disputed roadway. She further claimed that, subsequent to his election as the current Grayson County Attorney, Logsdon participated in this conspiracy by continuing to prosecute the meritless charges against her and by offering her a plea deal contingent on her abandonment of related state and federal civil suits against Logsdon and others. By this conduct, Reedy maintains that Logsdon, in both his official and individual capacities, violated his oath of office as provided by Section 228 of the Kentucky Constitution, his duty to seek recusal pursuant to KRS[1] 15.733, and the Kentucky Rules of Professional Conduct; thus, she is entitled to compensatory and punitive damages.

Invoking the right to absolute immunity, Logsdon moved to dismiss the action pursuant to CR[2] 12.02(f). By order entered January 6, 2022, the Grayson Circuit Court agreed, concluding that sovereign and prosecutorial

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

immunity barred Reedy's suit, and dismissed the complaint. This appeal timely followed.

## STANDARD OF REVIEW

CR 12.02(f) authorizes judgment in favor of a defendant for a plaintiff's "failure to state a claim upon which relief can be granted[.]" When considering a motion to dismiss, "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Cotton v. Nat'l Collegiate Athletic Ass'n*, 587 S.W.3d 356, 361 (Ky. App. 2019) (quoting *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Id.* (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)).

## LEGAL ANALYSIS

Reedy asserts the court erred by dismissing her complaint when she alleged therein that Logsdon acted in bad faith and, pursuant to *O'Connell v. Theineman*, was therefore not entitled to qualified official immunity. 616 S.W.3d 704 (Ky. App. 2020). In response, Logsdon contends Reedy's claims of error are irrelevant given the court's conclusion he was entitled to absolute immunity in both his official and individual capacities. We agree with Logsdon.

The court's conclusion that sovereign immunity precludes Reedy's suit against Logsdon in his official capacity is supported by well-established law. "Sovereign immunity 'is an inherent attribute of a sovereign state that precludes the maintaining of any suit against the state unless the state has given its consent or otherwise waived its immunity.'" *Independence Bank v. Welch*, 636 S.W.3d 528, 532 (Ky. 2021) (quoting *Yanero v. Davis*, 65 S.W.3d 510, 517-18 (Ky. 2001)). This protection extends to counties as basic subdivisions of the Commonwealth and to county employees acting in their representative official capacities since an action against them is essentially an action against the county. *See id.* (citing *Lexington-Fayette Urb. Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004)); *Harrod v. Caney*, 547 S.W.3d 536, 540 (Ky. App. 2018). Accordingly, to the extent Logsdon was sued in his official capacity, he is entitled to sovereign immunity unless Reedy can demonstrate that immunity was explicitly waived by the General Assembly. *Ruplinger v. Louisville/Jefferson County Metro Gov't*, 607 S.W.3d 583, 586 (Ky. 2020) (citing *Dep't of Corrs. v. Furr*, 23 S.W.3d 615, 616 (Ky. 2000)). Reedy has made no attempt to satisfy her burden of proof.

Similarly, Reedy has failed to demonstrate that the court erred in concluding Logsdon, individually, was absolutely immune from suit by virtue of prosecutorial immunity. Kentucky has long recognized that "[a] prosecutor acting as such and in accordance with the duties of office as defined by Kentucky law

-4-

should have absolute immunity." *McCollum v. Garrett*, 880 S.W.2d 530, 535 (Ky. 1994) (*see also Dugger v. Off 2nd, Inc.*, 612 S.W.2d 756, 757 (Ky. App. 1980)). "To determine the extent to which a public official shall have protection of the doctrine of absolute immunity, it is necessary to examine the lawful authority, including such discretionary authority as may reasonably be implied[.]" *McCollum*, 880 S.W.2d at 535 (quoting *Compton v. Romans*, 869 S.W.2d 24, 27 (Ky. 1993)).  Applying this standard, we have no difficulty in concluding that the acts of which Reedy complains – continuing a criminal prosecution and plea negotiations – are well within the scope of the lawfully established duties of the County Attorney.  *See* KRS 15.725(2);[3] *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky. 1992).[4]  Though Reedy argues that *O'Connell* mandates a contrary conclusion, her reliance thereon is misplaced.

Reedy asserts that *O'Connell* "specifically recognized that a County Attorney, [i]ndividually, does [not] have qualified official immunity[] when he acts in bad faith as to matters outside the scope of the authority of his office."  This, however, is an incorrect statement of the law.  Analyzing both prosecutorial and qualified official immunity, the Court recognized that the former affords greater

---

[3]  "The county attorney shall attend the District Court in his county and prosecute all violations . . . of criminal and penal laws[.]"

[4]  As part of the process of prosecuting violations of criminal law, the decision "whether to engage in plea bargaining is a matter reserved to the sound discretion of the prosecuting authority."

protection, being absolute, even when acts are committed with malice, but its applicability is more narrowly confined to only those duties imposed on a prosecutor by law, and not merely within the scope of employment. 616 S.W.3d at 709-11.

This distinction is highlighted by the Court's application of both doctrines. At issue in *O'Connell* was a prosecutor's allegedly defamatory comments made during a speech at an event sponsored by the Jefferson County Law Library. 616 S.W.3d at 706. Though the defendant did not invoke prosecutorial immunity, the Court nevertheless analyzed his entitlement thereto and, after reiterating the above referenced standard, concluded it was unavailable because the prosecutor's statements were not related to his function as the County Attorney. *Id.* at 710-11. However, applying the test established in *Yanero*, 65 S.W.3d at 522, the Court remanded the matter for a determination of whether the defendant prosecutor could invoke the more general protections of qualified official immunity, which turned on whether he acted with malice. *O'Connell*, 616 S.W.3d at 711.

Here, as stated above, plea negotiations and continuing a criminal prosecution plainly fall within the duties imposed by law upon Logsdon as the Grayson County Attorney. Thus, he is afforded prosecutorial immunity, and Reedy's claims of malice are immaterial. After all, "it is the very function of

absolute immunity to defeat a suit from the outset and immunize even capricious decisions motivated by prejudice, bias, or greed." *Sangster v. Kentucky Bd. of Med. Licensure*, 454 S.W.3d 854, 860 (Ky. App. 2014) (citations omitted). Consequently, the court did not err in dismissing Reedy's complaint.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Grayson Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEFS FOR APPELLEES: |
|---|---|
| Harry B. O'Donnell, IV<br>Louisville, Kentucky | Aaron D. Smith<br>J.A. Sowell<br>Bowling Green, Kentucky |