RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1276-MR

KENNETH GOBEN                                                                 APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 23-CI-00785

COOKIE CREWS COMMISSIONER,
KENTUCKY DEPARTMENT OF
CORRECTIONS AND KENTUCKY
DEPARTMENT OF CORRECTIONS                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, L. JONES, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: Appellant, Kenneth Goben, was an inmate serving a life

sentence and a thirty-year sentence for various drug-related convictions, and for

being a first-degree persistent felony offender. He was incarcerated in the

Kentucky State Penitentiary at Eddyville, Kentucky, which is operated by the

Appellee, Kentucky Department of Corrections (KDOC). Goben initiated the

present case on August 23, 2023, alleging various tort and constitutional violations. KDOC was the only named Defendant. The Franklin County Circuit Court granted KDOC's motion to dismiss for failure to state a claim upon which relief could be granted. CR[1] 12.02(f). Goben appeals to this Court as a matter of right. For the following reasons, we AFFIRM.

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.* Similarly, the application of immunity is a question of law, which we review *de novo. Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006); and *Estate of Clark ex rel. Mitchell v. Daviess County*, 105 S.W.3d 841, 844 (Ky. App. 2003). With these standards in mind, we return to the facts and law at issue in the present case.

## ANALYSIS

While serving his sentences, Goben's parole eligibility date was changed from November 2019 to November 2029. He filed suit in the Lyon

---

[1] Kentucky Rules of Civil Procedure.

County Circuit Court seeking a declaration that his parole eligibility date had been calculated incorrectly. His petition was denied. The Kentucky Court of Appeals reversed, finding that Goben's new parole eligibility date was incorrect. *Goben v. Keeney*, 626 S.W.3d 692, 694 (Ky. App. 2021). Goben was placed on the next available Parole Board hearing date, granted parole, and released.

Goben initiated the present case on August 23, 2023, naming one Defendant, KDOC.[2] His Complaint raises the following causes of action against the KDOC: 1) Violation of his Civil Rights under the Kentucky Constitution; 2) Retaliation; 3) Harassment; 4) Unlawful Imprisonment; 5) Outrageous Governmental Conduct; 6) Intentional Infliction of Emotional Distress; 7) Negligent Intentional Infliction of Emotional Distress; 8) Punitive Damages (fraudulent and grossly negligent conduct); and 9) Conspiracy. On October 16, 2023, the Franklin Circuit Court granted the KDOC's Motion to Dismiss for failure to state a claim upon which relief could be granted on the grounds that the KDOC had governmental immunity, and that his claims under the Kentucky Constitution

---

[2] The caption of our decision here lists Cookie Crews, as KDOC Commissioner. This is because she was named in Goben's Notice of Appeal. However, there is no indication that she is a proper party on appeal. As previously stated, she was not named as a defendant in the Complaint. We are unaware that she was added as a party during the underlying litigation. The order of dismissal does not include her as a party, and Goben has provided no additional information on this issue. In any event, she would be immune from suit in her official capacity for the same reasons as KDOC is immune as discussed in greater detail herein.

failed as a matter of law because there is no private right of action under Kentucky's Constitution.

KDOC correctly summarizes that governmental immunity "limits imposition of tort liability on a government agency." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (citation omitted). For an agency to be entitled to governmental immunity, it must be "performing a governmental, as opposed to a proprietary, function." *Id*. (footnote and citation omitted). To determine if an agency is performing a governmental function, the key question is whether the agency is carrying out a function integral to state government. *Comair, Inc. v. Lexington-Fayette Urb. Cnty. Airport Corp.*, 295 S.W.3d 91, 99 (Ky. 2009).

Here, it is undisputed that KDOC is an agency within the Justice and Public Safety Cabinet, which is a statutorily authorized cabinet. KRS 12.250(1). The KDOC also correctly observes that the Court has previously recognized in an unpublished decision that the KDOC is a state agency entitled to governmental immunity. *Barnard v. Kentucky Dep't of Corrections*, No. 2007-CA-002001-MR, 2009 WL 960791, at *2 (Ky. App. Apr. 10, 2009) ("The Department is funded by the Commonwealth and performs the state function of dealing with criminals. Therefore, the Department is entitled to governmental immunity and is not subject to Barnard's suit for damages."). *See also Dep't of Corr. v. Furr*, 23 S.W.3d 615, 617 (Ky. 2000) ("The doctrine of sovereign immunity sweeps broadly. It shields

*inter alia* . . . all departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure."); and *A.H. v. Louisville Metro Gov't*, 612 S.W.3d 902 (Ky. 2020) (holding in part that claims brought against Louisville Metro Government's Department of Corrections Director, in his official capacity, were considered a suit against the Louisville Metro Government, and thus barred by immunity).

## **CONCLUSION**

Based on the foregoing, we AFFIRM the Franklin Circuit Court's dismissal order entered on October 16, 2023.


ALL CONCUR.


BRIEF FOR APPELLANT:                BRIEF FOR APPELLEES:

Timothy Denison                     Richard D. Lilly
Louisville, Kentucky                Frankfort, Kentucky